Creamer v. Sirp.

No. 10,330.

CREAMER v. SIRP.

BILL OF EXCEPTIONS.—*Motion to Strike Out.— When Alleged Error Considered. —Supreme Court.*—It is not necessary to file a motion in the Supreme Court to strike out a bill of exceptions; when such an objection is pointed out, or appears in the record, the court will consider it when deciding the case.

SAME.—*Presentment to Judge.—Filing.*—When time is given within which to file a bill of exceptions, and it appears from the bill of exceptions in the record, that it was presented to the judge within such time, this is sufficient under section 629, R. S. 1881, although the bill of exceptions was not filed within the time.

AGREEMENT.—*Action on Contract Made with Ancestor.—Evidence.—Testimony of Parties.—Statute Construed.*—A father and mother conveyed lands to a son; thereafter, in consideration of such conveyance, and the transfer of certain personal property, the son agreed, in writing, with the father, that after the death of the father and mother he would pay each of his sisters $100; after such death a sister sued on the contract.

*Held,* that such sister did not claim as *heir* or *devisee* within the meaning of section 499, R. S. 1881, which prohibits parties so claiming from testifying, and the plaintiff had a right to testify that she accepted such contract.

SAME.—*Modification of by Father and Son After Acceptance, and Without Sister's Consent.*—When,in such case,the sister has accepted such agreement, it becomes an executed contract so far as she is concerned; and her rights thereunder can not be altered by any new agreement between father and son; and it is not error to exclude evidence as to such new agreement.

From the Dearborn Circuit Court.

*H. D. McMullen* and *D. T. Downey,* for appellant.

*W. S. Holman* and *W. S. Holman, Jr.,* for appellee.

FRANKLIN, C.—Appellee sued appellant upon a written contract made by appellant with her father, in part for her benefit.

Issues were formed; there was a trial by jury, and a verdict returned in favor of the plaintiff for $100. Over a motion for a new trial judgment was rendered for the plaintiff.

The only error assigned is the overruling of the motion for a new trial.

Appellee has filed a motion to strike the bill of exceptions from the record, and insists in her brief that it is not properly a part of the record, for the reason that 30 days was given by the court within which to file the bill of exceptions, and that it was not filed within that time.

Such motions are unnecessary; whenever such objection is pointed out, or appears of record, the court will consider the question in deciding the case.

It is true that the record shows that the bill of exceptions was not filed within the 30 days allowed by the court, but the bill of exceptions shows that it was presented to the judge within the time allowed, and, under the 629th section of the code of 1881, this is sufficient.

The only reasons for a new trial presented by appellant in his brief are the improper admission and rejection of testimony. The court admitted the testimony of appellee as a witness, and rejected the testimony of appellant as a witness.

The facts in the case are these: Appellee and appellant are brother and sister; that on the 31st day of May, 1861, Frederick Creamer and wife, the father and mother of these parties, conveyed by deed to the defendant a certain tract of land containing 70 acres, situated in said county; that on the 17th day of January, 1865, in consideration of said deed, and the transfer of personal property with the possession of said premises, the defendant agreed in writing with the father, among other things, after the death of the father and mother, to pay to five sisters $100 each, in annual instalments; that appellee's $100 was payable in two years after the death of the old people; that the mother died March 3d, 1870, and the father died July 1st, 1878; that the plaintiff, at the time of said agreement, consented to, and accepted said arrangement as a satisfactory adjustment and disposition of her father's property, and then so informed appellant; that after the same became due she demanded the $100 of defendant, which he refused to pay, and this suit was commenced to recover the same on the 11th day of September, 1881.

The defendant, on the 1st day of May, 1882, answered by a denial, and by a special paragraph setting up that subsequent to the execution of the agreement sued on, to wit, on the — day of April, 1865, he and the father agreed to cancel the former agreement and make a new one, and they did execute a new one, by which he was only to pay the plaintiff $1 instead of $100. The new agreement set up by the defendant is the same as the old agreement sued on by plaintiff, with the above named exception.

There is no date given to the copy of the new agreement in the record.

The parties gave their respective agreements in evidence, and when the appellee was introduced as a witness on her own behalf, to prove her consent to and acceptance of the provisions of the first agreement, and her notice to appellant of such fact, appellant objected, for the reason that appellee was an heir, and this was a suit between heirs in relation to a contract made with the ancestor, and that appellee was an incompetent witness as to anything about the contract occurring in the lifetime of the ancestor. The objection was overruled, and appellee gave her testimony upon said points.

This objection is made under the 499th section of R. S. of 1881, which reads as follows: "In all suits by or against heirs or devisees, founded on a contract with or demand against the ancestor, to obtain title to or possession of property, real or personal, of, or in right of, such ancestor, or to affect the same in any manner, neither party to such suit shall be a competent witness as to any matter which occurred prior to the death of the ancestor."

While this is a claim growing out of a contract with the ancestor, it is not claimed as heir or devisee, but by grant in the contract, and it does not in any manner affect the ancestor's estate, or any property, real or personal, formerly owned by him.

The property had all passed into the hands of the defendant in the lifetime of the ancestor, and no claim whatever is

set up in relation to any part of said property. It is an individual obligation of the defendant for part payment for the property, that is sued upon. And after the plaintiff accepted the provisions made for her benefit, and notified defendant thereof, she became a party to it, and it was then a contract between plaintiff and defendant, without reference to heirship or devise; and we do not think that section 499, *supra*, applies to this case.

There was no error in admitting such testimony.

The defendant in his evidence offered himself as a witness, and proposed to testify to a conversation with the father in the absence of the appellee, at the time of the execution of the second agreement, in relation to the reasons why the change was made. The testimony in relation to this conversation was objected to, and the objection sustained by the court. This testimony is insisted upon as a part of the *res gestœ* in the execution of the new agreement.

The old agreement had been fully executed; appellee had accepted its provisions, in so far as she was concerned, and notified appellant of that fact, before it is claimed that the new agreement was executed. She had acquired a personal interest in the old contract, which could not be affected by anything the father might afterwards say in her absence, and what he may have said in the conversation proposed to be testified to could not bind appellee. Wherefore there was no available error in excluding the testimony.

We find no error in overruling the motion for a new trial.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed Nov. 22, 1883.