Robinson *et al.* v. Anderson *et al.*

No. 12,482.

ROBINSON ET AL. *v.* ANDERSON ET AL.

PRINCIPAL AND AGENT.— *Surrender by Agent of Notes Due Principal for Notes Payable to Self.*—Where an agent, with mere authority to sell machines and take notes payable to his principal in settlement, and to collect such notes as may be sent to him for collection, surrenders to the maker, before they are due, without the consent of his principal, notes belonging and payable to the latter, and receives therefor notes of like amount, maturing at the same dates, payable to himself, the principal is not bound by the transaction, and may recover on the original notes.

BILL OF EXCEPTIONS.—*Delay in Signing and Filing.*—Where a bill of exceptions is presented to the judge within the time allowed for filing the same, but it is signed after the time has expired and is filed yet some days later, there is a substantial compliance with section 629, R. S. 1881.

From the Fulton Circuit Court.

*J. S. Slick* and *B. D. Crawford,* for appellants.

*G. W. Holman, J. Rowley* and *M. Baker,* for appellees.

MITCHELL, J.—This appeal is from a judgment rendered on the 26th day of February, 1885. The record entry of that date shows that a motion for a new trial, filed by the plaintiff, was overruled and an exception taken to the ruling. Sixty days time in which to file bills of exception was allowed. On the 27th day of the ensuing April, a bill of exceptions containing the evidence and instructions of the court was presented to the judge. It was signed on the 29th day of April, and filed on the 5th day of May, 1885. The date of presentation is stated in the bill.

Whether there is any question in the record for decision depends upon whether the bill of exceptions so presented, signed and filed, was a compliance with section 629, R. S. 1881. This section requires that a party objecting to a decision of the court " must, within such time as may be allowed, present to the judge a proper bill of exceptions, which, if true, he shall promptly sign and cause it to be filed in the cause; if not true, the judge shall correct, sign, and cause it to be filed without delay. * * * Delay of the judge in signing and filing the same shall not deprive the party objecting of the benefit thereof."

Prior to the revision of 1881, bills of exception, to be available, must have been signed and filed within the time allowed by the court. This resulted in many instances in great inconvenience and embarrassment, both to the judge and counsel, and occasionally in depriving a party of his objection. It was the manifest purpose of the section as revised to obviate this result. Accordingly, it was provided that if a proper bill of exceptions is presented to the judge within the time allowed, his delay in signing and causing it to be filed shall not deprive the party of its benefit. *Creamer* v. *Sirp*, 91 Ind. 366; *Hamm* v. *Romine*, 98 Ind. 77.

In *LaRose* v. *Logansport Nat'l Bank*, 102 Ind. 332, it appeared that a bill of exceptions had been presented to the judge and signed within the time allowed. It was not filed until some twenty days after it was signed, and after the expiration of the time allowed. Upon the assumption that the statute required the party presenting the bill to file it within the time allowed, unless he was prevented from so doing by the delay of the judge, it was there held that the bill was filed too late. While this case is in some respects distinguishable from the case cited, we think the construction there given to the statute was too narrow. It may deprive parties of some of the benefits intended by the statute. When a party objecting has presented his bill of exceptions in proper form, within the time allowed, he has complied with the letter

and spirit of the statute, and is entitled to the benefit of his exceptions. The bill of exceptions in this case was presented on the sixtieth day, and was, therefore, within the time allowed.

The facts which gave rise to the suit are the following: On the 1st day of July, 1884, Anderson & Harpster, by an order in writing, requested Robinson & Co., of Richmond, Indiana, to deliver to them, on board of cars, ready for shipment at their factory, one Bonanza separator, of a certain size and description. The order was delivered to and forwarded by James A. Miller of Plymouth, Indiana, who was the agent of Robinson & Co. to take orders and make sales, etc., within the county of Marshall and other contiguous counties. It specified that the price of the separator should be $450, payable in instalments of $150, due, respectively, November 1st, 1884, 1885 and 1886, to be secured by notes payable in bank to Robinson & Co. The machine was shipped and received, and the notes executed payable to the order of Robinson & Co. according to the stipulation in the order and agreement. So far as appears the machine was entirely satisfactory. It is not further involved in the controversy. The notes were delivered into the possession of Miller, who, under his contract with Robinson & Co., had authority to take orders for machines, make sales upon terms prescribed, take notes in the name of his principals in settlement for machines sold, and to collect any notes for them which should be placed in his hands for collection. His agreement required that he should forward the proceeds of each sale with promptness. Instead of forwarding the notes taken from Anderson & Harpster, he retained them in his possession until the 25th day of August, 1884, when he surrendered them to the makers—without any endorsement—and received from them three notes for like amounts, falling due at corresponding dates, payable to himself, signed in like manner as those surrendered. At the time the notes were surrendered, the fol-

Robinson *et al. v.* Anderson *et al.*

lowing memorandum was endorsed on the back of each surrendered note :

"LEITER'S FORD, August 25th, 1884.

"This note exchanged for one of same amount and date, payable to J. A. Miller, Plymouth."

No other authority appeared for the surrender and substitution than the agency above mentioned. Robinson & Co. gave no other consent than such as may be implied from the agency, and promptly repudiated the transaction by bringing this suit on the note first maturing as soon as it fell due.

The defendants answered a general denial and payment, and, upon issues thus made, a trial was had by a jury. Upon evidence showing the facts substantially as above set out, there was a verdict for the defendants.

The question is made whether the evidence tends to sustain the verdict. That it does not, is clear beyond any question. The verdict is against the evidence, and almost at every point in the face of correct and explicit instructions given by the court. It should have been set aside without hesitation.

There was no denial of the execution of the note, and the only pretence of evidence in support of the plea of payment was the unauthorized substitution of a note to Miller in place of that sued on. The execution of the note in suit having been admitted, there having been no plea which in any manner questioned its consideration, we look in vain for evidence tending to support the plea of payment.

We need not determine whether from the authority to sell, and take notes for machines sold, and collect notes sent to him for collection, an implication might arise that the agent had also authority to receive payment of notes not yet due, and which had not been sent to him for collection.

If it were granted, a proposition we should hesitate to affirm, that he had such authority, it could not be implied that he was thereby authorized to surrender the note of his principal and receive in payment a note payable to himself.

An agent having authority to collect a debt can not be supposed to have the right to take as payment the note of the debtor payable to himself, thus substituting himself as creditor in the room of his principal.  *McCulloch* v. *McKee*, 16 Pa. St. 289.

One thus authorized " can not bind his principals by any arrangement' short of an actual collection of the money." *Kirk* v. *Hiatt*, 2 Ind. 322; *McCormick* v. *Walter A. Wood, etc., Co.*, 72 Ind. 518; *O'Conner* v. *Arnold*, 53 Ind. 203.

That a debt may be paid by the execution of the negotiable promissory note of the debtor, may be conceded, but the execution of such note to a third person, without the consent of the creditor, has no resemblance of payment.

As the exchange of securities, and taking, in the stead of those payable to his principal, others payable to himself, was not within the scope of the agent's authority to sell and collect, if he had authority to collect, any exchange, if authorized at all, must have been a special agency, and in that event the appellees were bound to ascertain the extent of his authority in that regard.    Failing to do so, they made the exchange at their peril, subject to the ratification of the principal, or of their ability to prove affirmative authority in that respect.

Since the act was repudiated by the principals, and no proof was offered tending to show authority, the right of the plaintiffs to collect the note sued on was unaffected by the unauthorized transaction which is put forward in support of the plea of payment.

Judgment reversed, with costs.

Filed April 3, 1886.