The Terre Haute and Logansport Railroad Company *v.* Bissell.

Filed Oct. 28, 1886.

---

No. 12,636.

## THE TERRE HAUTE AND LOGANSPORT RAILROAD COMPANY *v.* BISSELL.

RAILROAD.—*Obstruction of Street in City.*—*Action for Damages by Abutting Lot-Owner.*—*Pleading.*—An abutting lot-owner can not maintain an action against a railroad company for constructing and operating its railroad upon the street of a city, where the injuries complained of are such only as he sustains in common with the public generally; and a complaint which fails to allege special injury to the plaintiff, or that such use and occupation of the street are without leave of the city, is insufficient.

BILL OF EXCEPTIONS.—*Time of Filing.*—*Statute Construed.*—Where a bill of exceptions was presented to the judge for his signature within the time allowed by the court, but was not in fact signed and filed for nearly a month after the expiration of the time allowed, it is properly a part of the record on appeal, under section 629, R. S. 1881.

From the Marshall Circuit Court.

The Terre Haute and Logansport Railroad Company *v.* Bissell.

*J. G. Williams,* for appellant.

*J. D. McLaren, M. A. O. Packard* and *O. M, Packard,* for appellee.

HOWK, C. J.—Errors are assigned here by appellant, the defendant below, calling in question the decisions of the circuit court in overruling (1) its demurrer to the first paragraph of appellee's complaint, (2) its demurrer to the second paragraph of such complaint, and (3) its motion for a new trial.

This suit was commenced on the 29th day of September, 1884. In the first paragraph of his complaint appellee alleged that he then was, and for five years last past had been, the owner in fee simple of lots numbered from 11 to 18, both inclusive, in Wilson's subdivision of out-lot No. 18, in Merrill's addition to the city of Plymouth, in Marshall county; that such lots abutted on a public street of such city, known as First street, sixty feet wide, for the distance of —— hundred feet along the west line of such street; that, as the owner of such lots, appellee was also the owner in fee simple of the west thirty feet of such street immediately in front of his lots, extending from the front line of such lots to the center or middle line of such street; that, during such five years, appellee had made valuable and lasting improvements, of the value of $5,000, on such lots, in the erection of a dwelling-house wherein he and his family resided; that within the last two years ingress and egress to and from appellee's lots, and his residence and other buildings thereon, had been obstructed and prevented on the east side thereof by two railroad tracks constructed upon and along said street, and in constant use by appellant, in moving and transporting its cars and locomotives on and along such tracks on said street, in front of and near to appellee's lots and residence; that by the construction and constant use of such railroad tracks on said street in front of and near to appellee's residence property, appellant had caused such an obstruction to the free use

of said property as essentially to interfere with the comfortable enjoyment of life therein, and the emission of large volumes of smoke, cinders, dust and other offensive matter from appellant's locomotives, which were constantly moving over said tracks, was offensive to appellee and his family; that, within two years last past, appellant unlawfully and without right, and without having first caused appellee's damages to be assessed and tendered to him, and without his consent, entered upon and laid down two railroad tracks on that portion of said street lying in front or on the east side of appellee's said lots, and maintained and used such tracks for the passage of locomotives and cars thereon, and all without his consent.

The second paragraph of the complaint does not differ materially from the first paragraph, in its statement of the facts constituting appellee's supposed cause of action against the appellant.

To each of the paragraphs of appellee's complaint appellant's demurrer, for the alleged insufficiency of the facts therein to constitute a cause of action, was overruled by the court.

It is earnestly contended by appellant's learned counsel, that the court below erred in each of these rulings. It will be observed that while appellee carefully alleged that he was the owner in fee simple of the west half of First street, in the city of Plymouth, extending from the front or east line of his lots eastwardly thirty feet to the middle or center line of such street, yet he nowhere averred, in either paragraph of his complaint, that, in the construction and use of its two railroad tracks on such street, appellant had entered upon, occupied or used, by either of such tracks, that part of such street of which he claimed to be such owner. For the want of such an averment, appellant's counsel earnestly insist that each paragraph of appellee's complaint was insufficient to withstand its demurrer thereto.

This objection seems to be well taken, as to each paragraph

of the complaint. It must be assumed, in the absence of any averment to the contrary, that appellant had entered upon and laid down its two railroad tracks within the limits of First street, with the consent and permission of the common council of the city of Plymouth. If such city was incorporated under the general law of this State, for the incorporation of cities, as we must assume it was in the absence of any showing to the contrary, by the express provisions of that law, section 3161, R. S. 1881, in force since March 14th, 1867, its common council had exclusive power over its streets, alleys and highways. It is settled by our decisions, that the power of a city, incorporated under our general laws for the incorporation of cities, over its streets and alleys, includes or extends to many other uses than those of ordinary travel on public highways. Thus, in *Cox* v. *Louisville, etc., R. R. Co.,* 48 Ind. 178, it is said: "So far as the highway, street, or easement is concerned, as the municipality has complete control thereof, it may, we presume, make or authorize any use of the street which will not essentially change and divert it from its intended use as a public highway." But this power of the common council of a city, over a street as a highway, can not, of course, affect the rights of the individual owner of the fee in the soil, over which the highway or street passes. "This right of the individual, according to the case of *Protzman* v. *Indianapolis, etc., R. R. Co.,* 9 Ind. 467, 'is as much property as the lot itself.' As was said in *The Common Council, etc.,* v. *Croas,* 7 Ind. 9, it is a 'right distinct from the claim of the public, which even the Legislature could not take away, unless to appropriate to a public use.' In which case, of course, compensation must be made." *City of Logansport* v. *Shirk,* 88 Ind. 563; *Baltimore, etc., R. R. Co.* v. *North,* 103 Ind. 486.

Conceding, in the case in hand, that appellee was the owner in fee simple of First street, in the city of Plymouth, from the eastern or front line of such lots to the middle line of such street, we can not presume in the absence of averment

to that effect, in aid of the averments of appellee's complaint, that in the construction of its two railroad tracks, or in its use thereof by the passage over the same of its cars and locomotives, within the limits of First street, appellant had entered upon, occupied or used that part of such street, owned in fee simple by the appellee. The grievances of which appellee complained were not shown, by the allegations of either paragraph of his complaint, to be injurious to that part of First street, whereof he claimed to be the owner in fee simple. In the absence of any showing that the tracks of appellant's railroad were located, constructed and used on and over that part of First street, of which appellee claimed to be the owner in fee, the grievances whereof he complained, caused or occasioned by the occupation and use of First street for railroad purposes, were such incidental injuries merely as he sustained in common with the public, and not different in degree or character from those sustained by the public generally. For such injuries appellee can not maintain an action against the appellant. *McCowan* v. *Whitesides*, 31 Ind. 235; *Cummins* v. *City of Seymour*, 79 Ind. 491 (41 Am. R. 618); *Matlock* v. *Hawkins*, 92 Ind. 225; *Dwenger* v. *Chicago, etc., R. W. Co.*, 98 Ind. 153.

We are of opinion, therefore, that the trial court erred in overruling appellant's demurrer to each paragraph of appellee's complaint.

Under the alleged error of the court, in overruling the motion for a new trial, it is claimed by appellant's counsel that the court clearly erred in giving the jury, at appellee's request, a certain instruction. The point is made by appellee's counsel, and is relied upon apparently with much confidence, that the bill of exceptions, containing the evidence on the trial and the instructions given and refused by the court, was not filed within the time granted, and, therefore, is not properly a part of the record. It is shown by the transcript before us, that the motion for a new trial was overruled and judgment rendered on the 4th day of April, 1885, and ap-

pellant was then given sixty days from that day "to present its bill of exceptions herein to the honorable judge of the Marshall Circuit Court;" that within such sixty days, to wit, on the first day of June, 1885, appellant presented its bill of exceptions to the judge aforesaid; that thereafter, on the 30th day of June, 1885, such bill was "signed, sealed and made part of the record herein," by the judge of such court; and that on the next day, to wit, July 1st, 1885, such bill of exceptions, signed and sealed as aforesaid, was duly filed in the court below.

It will be seen from the foregoing abstract of the record, that while appellant's bill of exceptions was prepared and presented to the judge below, for his signature, within the sixty days allowed by the court, yet it was not in fact signed by such judge and filed until nearly one month after the expiration of such sixty days. Under the provisions of section 346 of the civil code of 1852, and the rules of practice founded thereon, it is very clear that the bill of exceptions, so signed and filed, would have constituted no proper part of the record of this cause, on an appeal to this court. *Dunn* v. *Hubble*, 81 Ind. 489.

But the civil code of 1881 made a radical change in the practice theretofore existing, in relation to bills of exceptions, in so far, at least, as the filing thereof is concerned. In section 629, R. S. 1881, which is section 406 of the civil code of 1881, it is provided in effect that when the record does not otherwise show the decision excepted to, or the grounds of objection thereto, "the party objecting must, within such time as may be allowed, present to the judge a proper bill of exceptions, which, if true, he shall promptly sign and cause it to be filed in the cause; if not true, the judge shall correct, sign, and cause it to be filed without delay." It is also provided that "The date of the presentation shall be stated in the bill of exceptions," and further that "delay of the judge in signing and filing the same shall not deprive the party objecting of the benefit thereof." Under these provisions of

the code of 1881, all that the "party objecting" is required to do is to present to the judge his proper bill of exceptions within the time allowed by the court. When this has been done by the objecting party, the judge must sign, or must correct and sign, and must then file such bill of exceptions "without delay," and "when so filed," the statute says, "it shall be a part of the record." It is expressly declared, in terms so plain that they can not possibly be misunderstood, that "delay of the judge," in signing and filing such bill of exceptions, "shall not deprive the party objecting of the benefit thereof."

In *Creamer* v. *Sirp*, 91 Ind. 366, it was held in effect that when time is allowed within which to prepare and present a bill of exceptions, and it is shown by such bill that it was presented to the judge within the time allowed, the bill of exceptions will, under the provisions of section 629, R. S. 1881, constitute a proper part of the record, on an appeal to this court, although it may not have been filed until after the expiration of the time allowed. So, it was held, also, in *Hamm* v. *Romine*, 98 Ind. 77.

In support of their position appellee's counsel cite and rely upon *La Rose* v. *Logansport Nat'l Bank*, 102 Ind. 332; but what was there said, in seeming conflict with our previous cases and what we here decide, was subsequently explained and modified in the recent case of *Robinson* v. *Anderson*, 106 Ind. 152. Where it is shown by the bill of exceptions that it was presented to the judge, for his signature, *within* the time allowed by the court, and the record shows that such bill has been filed either *before* or *after* the expiration of such time, under the provisions of section 629, *supra*, such bill of exceptions will constitute a proper part of the record of the cause on an appeal to this court. "When so filed, it shall be a part of the record," is the language of the statute. *Louisville, etc., R. W. Co.* v. *Harrigan*, 94 Ind. 245; *Pratt* v. *Allen*, 95 Ind. 404; *Shulse* v. *McWilliams*, 104 Ind. 512.

The Terre Haute and Logansport Railroad Company *v.* Bissell.

In the case in hand, as we have seen, the date of the presentation of the bill of exceptions, as stated therein, was within the time allowed by the court; and it was shown by the record that such bill of exceptions was duly filed in the court below, on the 1st day of July, 1885. It follows, therefore, from what we have said, that the bill of exceptions, containing the evidence and the instructions given and refused, constituted a proper part of the record before us on this appeal.

We have said thus much upon the question of practice presented, because appellee's counsel have seemed to rely with implicit confidence, in argument, upon the point that the bill of exceptions is not properly a part of the record of this cause, and not because we have deemed it either necessary or proper for us to consider and decide now the question, whether or not the trial court erred in giving the jury, at appellee's request, the instruction claimed by appellant's counsel to have been erroneous.

Our conclusion in relation to the insufficiency of each paragraph of appellee's complaint requires the reversal of the judgment below, and renders it unnecessary for us now to consider or decide any of the questions arising under the alleged error of the court in overruling appellant's motion for a new trial herein.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the demurrers to each paragraph of the complaint, and for further proceedings not inconsistent with this opinion.

Filed Oct. 26, 1886.