Filed March 15th, 1887.

---

No. 13,034.

### JOSEPH ET AL. *v.* MATHER.

BILL OF EXCEPTIONS.—*Failure to File Within Time Limited.*—A bill of exceptions, which is not presented to the judge within the time allowed by the court, does not become a part of the record.

INSTRUCTIONS TO JURY.—*Consideration on Appeal.*—*Rule When Evidence is not in Record.*—Where the evidence is not in the record, the judgment of the trial court will not be reversed on the instructions given, unless they are so radically wrong as not to apply to any supposed case which might have been made by the evidence.

From the Knox Circuit Court.

*W. A. Cullop, G. W. Shaw* and *C. B. Kissinger,* for appellants.

*G. G. Reily* and *W. C. Niblack,* for appellee.

HOWK, J.—In this case, the only error assigned by appellants, the defendants below, is the overruling of their motion for a new trial.

It is shown by the record of this cause, that appellants' written motion for a new trial was filed in and overruled by the court below, on the 25th day of February, 1886, and that twenty days time was then and there given appellants to file their bill of exceptions herein. It is further shown by a memorandum of the clerk of the court below, that appellants filed their bill of exceptions herein, on the 31st day of March, 1886. The bill of exceptions thus filed concludes as follows:

"And now defendants present this their bill of exceptions, and pray that the same may be signed, filed and made a part of the record in this cause, which is done this 31st day of March, 1886.     (Signed)     N. F. MALOTT, Judge K. C. Ct."

In section 629, R. S. 1881, in force since September 19th, 1881, it is provided in effect that when the record does not otherwise show the decision excepted to, or the grounds of objection thereto, "the party objecting must, within such time as may be allowed, present to the judge a proper bill of exceptions, which, if true, he shall promptly sign and cause it to be filed in the cause; if not true, the judge shall correct, sign, and cause it to be filed without delay." It is also provided in the same section, that "the date of the presentation shall be stated in the bill of exceptions."

Applying these statutory provisions to the facts shown by the record, in the case in hand, as we have heretofore stated them, it is very clear that appellants' bill of exceptions herein was not, within the twenty days time allowed by the court below, presented to the judge of such court. The twenty days time, allowed by the court, expired on the 17th

day of March, 1886; and "the date of the presentation" to the judge of the court, of appellants' bill of exceptions, was stated therein, as "this 31st day of March, 1886." Manifestly, therefore, appellants' bill of exceptions herein, not having been presented to the judge within the time allowed by the court, did not become, and can not be considered here as constituting, any part of the record of this cause. *Terre Haute, etc., R. R. Co.* v. *Bissell,* 108 Ind. 113; *Robinson* v. *Anderson,* 106 Ind. 152; *Hamm* v. *Romine,* 98 Ind. 77.

It follows, therefore, that neither the evidence on the trial, nor the rulings of the court in the admission of evidence, which appellants attempted to bring into the record by their bill of exceptions, are so presented here as that we can consider or pass upon any of the causes for a new trial, predicated thereon.

This conclusion leaves for our consideration only one of the causes for a new trial, assigned by appellants in their motion therefor, namely: Error of the court occurring at the trial, in giving the jury each one of eleven different instructions. These instructions were all set out in the bill of exceptions, so presented to the judge as aforesaid; and if nothing else was shown in relation to such instructions, we would be constrained to hold that they were not properly in the record. But it is shown by the transcript that each of the instructions was made part of the record of this cause, in strict compliance with the requirements of section 535, R. S. 1881, by writing on the margin thereof the words, "Given and excepted to," which memorandum was signed by Judge Malott and dated, and by the filing of such instructions, as required by the provisions of section 533, R. S. 1881. *Childress* v. *Callender,* 108 Ind. 394.

But, as we have seen, the evidence on the trial is not properly in the record. In such a case, it is settled by our decisions, that the judgment of the trial court will not be reversed here on the instructions given, unless they are so radically wrong as not to apply to any supposed case which

might have been made by the evidence. *Drinkout* v. *Eagle Machine Works,* 90 Ind. 423; *Conden* v. *Morningstar,* 94 Ind. 150; *Belck* v. *Belck,* 97 Ind. 73. Applying this doctrine to the case under consideration, we have no difficulty in reaching the conclusion that the instructions given, of which appellants complain, do not authorize or require the reversal of the judgment of the court below.

We have found no error in the record of this cause.

The judgment is affirmed, with costs.

Filed Jan. 13, 1887; petition for a rehearing overruled March 11, 1887.