EDWARD T. DUGAN *vs.* CHARLES E. THOMAS and another.

Piscataquis.   Opinion March 3, 1887.

*Exceptions.  Practice.  Entry for condition broken.  Agreements to oust courts of jurisdiction.*

An exception does not lie to a judge's saying the burden of proof was on the plaintiff, when he meant to say on the defendant, if the mistake was so obvious that no one concerned in the trial could be misled by it.

It is unimportant that a witness, called to notice a person making a re-entry upon land, did not at the time know the purpose of the act, where the person making the entry for condition broken took and kept actual possession for that purpose, ousting the defendant. The act speaks for itself.

A father is not legally bound by an agreement, in his deed' to his son, that, if any controversy arise between them about the father's support provided for in the deed, it shall be settled by an arbiter mutually agreed upon; they might not be able to agree on a person for arbiter.

The right to free access to the courts a man cannot deprive himself of by his own agreement, in matters that go to the substance of the principal claim or cause of action; though he may impose conditions on himself with respect to preliminary and collateral matters which do not go to the root of the action; courts cannot be ousted of their jurisdiction by agreements between the parties.

ON exceptions and motion to set aside the verdict by the plaintiff.

Writ of entry to obtain possession of certain real estate in Medford.   Plea, general issue.

The opinion states the case presented by the exceptions.

*Peaks and Everett* for plaintiff.

Forfeitures for condition broken are not favored by the law. 1 Washburn, Real Property, title "Estate upon condition."

Conditions subsequent, especially when relied upon to work a forfeiture, must be created by express terms or clear implication, and are construed strictly. *Merrifield* v. *Cobleigh*, 4 Cush. 178; *Bradstreet* v. *Clark*, 21 Pick. 389; *Ludlow* v. *Harlem, R.* 12 Barb. 440.

One of the conditions of this deed, is that there shall be no forfeiture without arbitration if either party desires it.   This plaintiff did desire it.

This plaintiff had taken a conditional deed.   Under it he had

supported his father and mother nine years. He had put into the conditions a stipulation that there should be no forfeiture until there had been an arbitration. He had a right to have his deed construed strictly. 4 Cush. 178, *supra*; 21 Pick. 389, *supra*.

· *Ephraim Flint*, (*Josiah Crosby* with him) for the defendants.

The mis-statement by the presiding justice should have been called to his attention before the jury retired. *Stephenson* v. *Thayer*, 63 Maine, 143 ; *Gilbert* v. *Woodbury*, 22 Maine, 246 ; *Frankfort Bank* v. *Johnson*, 24 Maine, 500 ; *Dyer* v. *Greene*, 23 Maine, 464 ; *Loud* v. *Pierce*, 25 Maine, 233 ; *Eaton* v. *Tel. Co.* 68 Maine, 69 ; *Oxnard* v. *Swanton*, 39 Maine, 125 ; *Lyman* v. *Redman*, 23 Maine, 289.

The entry for condition broken in this case was sufficient. *Jenks* v. *Walton*, 64 Maine, 100 ; *Brickett* v. *Spofford*, 14 Gray, 519.

PETERS, C. J.    This is a real action between a son and father, another · defendant being coupled with the father, where the question involves the right of possessing a homestead which the father conveyed by a conditional deed to the son to secure a life support.    The son claims that he has by his deed a right to the possession, and the father claims that the right which the son had has been forfeited for condition broken.

An exception is taken, that the judge said to the jury that the burden to show forfeiture was on the plaintiff (the son), when he meant to say defendant instead of plaintiff.    It is too late for the plaintiff to urge an objection.    He should have called for a correction at the moment or before the jury retired.

It must have been understood to be an inadvertence.    The judge was describing the duties imposed on the plaintiff, and accidentally said, "The burden is upon the plaintiff (meaning defendant), to show that he has failed to do it."    No one could suppose the plaintiff was required to show his own default.    Besides, the judge afterwards said that the burden was on the defendant, and such must have been the drift of the whole charge.

An objection is urged upon the exceptions and motion, that a sufficient re-entry was not effected by the defendant, because a witness called to observe the act did not know the purpose of it. But his presence was not at all necessary. The plaintiff moved away from the premises, virtually abandoning them, and the defendants' agent took re-possession for condition broken. The grantor took possession of the farm and held it until his conveyance to the other defendant. The evidence upon that point is plenary.

The deed from the father to son contains a clause providing that, if a controversy arise, "the parties or either of them may submit" the matter to arbitration, the "arbiter to be mutually agreed upon." The judge instructed the jury that this would not bar the defendant from sitting up forfeiture unless the plaintiff asked for a reference and was refused. The plaintiff cannot justly complain of a ruling more favorable to himself than he was entitled to. If the defendant could not justify a re-entry until an arbiter had so awarded, he might be forever deprived of his right, because an arbiter might never be "mutually agreed upon."

Such a clause of arbitration cannot bind parties. The right of free access to courts is inalienable. Whar. Con. § 416. Parties may by agreement impose conditions precedent with respect to preliminary and collateral matters, such as do not go to the root of the action. But men cannot be compelled, even by their own agreements, to mutually agree upon arbiters whose duties would, as in this case, go to the root of the principal claim or cause of action, and oust courts of their jurisdiction. *Robinson* v. *Insurance Co.* 17 Maine, 131; *Hill* v. *More*, 40 Maine, 515; *Pearl* v. *Harris*, 121 Mass. 390.

The motion has no meritorious grounds to stand upon.

*Exceptions and motion overruled.*

Walton, Danforth, Emery, Foster and Haskell, JJ., concurred.