No 14,451.

WILSON v. WHEELER ET AL.

HIGHWAY.—*Establishment of.*—*Appeal.*—*Filing of Affidavit with Auditor.*—*Presumption as to.*—*County Commissioners.*—In an appeal from the decision of the board of county commissioners establishing a highway, where no affidavit appears among the papers in the cause, or in the transcript prepared of the proceedings by the county auditor, and transmitted by him, together with all the papers, to the clerk of the circuit court, the court, in the absence of a showing to the contrary, has the right to presume that none was filed.

SAME.—*Party to Proceeding.*—*Who is.*—*May Appeal Without Filing Affidavit.*—*Section 5772, R. S. 1881, Construed.*—Where a person is named in a petition to establish a highway as one of the persons over whose land the highway was to pass, and whose property was to be appropriated for a public use, he is a party to the proceeding to establish the public highway in question. He may appeal from the decision of the board of county commissioners without filing an affidavit with the auditor, and although he did not file any remonstrance with the board, and did not appear in any manner to the proceedings. Section 5772, R. S. 1881, requiring the filing of an affidavit, has no application to persons who are parties to the proceeding.

From the White Circuit Court.

*A. W. Reynolds* and *E. B. Sellers*, for appellant.

COFFEY, J.—At the June session of the board of commissioners of White county for the year 1887 the appellees, Hiram Wheeler and others, filed a petition praying for the establishment of a public highway. Upon this petition viewers were appointed who, on the 9th day of September, filed their report in favor of the establishment of said highway, and on the same day the board entered an order establishing the highway as prayed.

On the 7th day of October, 1887, the appellant, through whose land the highway passed, filed an appeal bond with the auditor of said county, and prayed an appeal to the White Circuit Court. In answer to this prayer the auditor made out a transcript of the proceedings and filed the same,

with the papers in the cause, in the clerk's office of said court.

No remonstrance was filed by the appellant with the board of commissioners, nor did he appear in any manner to the proceedings, nor did he file any affidavit with the auditor for the purpose of taking an appeal.

On motion of the appellees the circuit court dismissed the appeal, for the reason that the appellant had not filed an affidavit with said auditor for the purpose of taking an appeal to the circuit court.

This action of the White Circuit Court is assigned as error.

We are not favored with a brief of the cause by the appellees, and, therefore, have no information as to their theory upon which the ruling of the circuit court should be sustained.

Section 5027, R. S. 1881, provides that "Any person aggrieved by any decision of any board of commissioners may appeal therefrom to the circuit court of such county, upon his filing a bond, with surety and penalty, to be approved by the auditor of such county, conditioned for the due prosecution of such appeal and the payment of costs, if costs be adjudged against him."

Section 5772, R. S. 1881, provides that "From any decision of such commissioners there shall be allowed an appeal to the circuit court by any person aggrieved; but if such person shall not be a party to the proceeding, such appeal shall not be allowed, unless he shall file, in the office of the county auditor, his affidavit, setting forth that he has an interest in the matter decided, and that he is aggrieved by such decision, alleging explicitly the nature of his interest."

It is contended by the appellant:

*First.* That it does not affirmatively appear by the record that the appellant did not file in the auditor's office the affidavit required by section 5772, *supra ;* and,

*Second.* That the appellant was a party to the proceedings to establish the highway in question, and for that reason he

was not required to file the affidavit contemplated by that section.

To the first contention of the appellant we can not agree.

The law required the auditor of the county to make out a full and complete transcript of all the proceedings had in the cause, and transmit it, together with all the papers in the cause, to the clerk of the circuit court.

The law presumes that he did his duty, and as no affidavit appears in the transcript, or among the papers in the cause, the court, in the absence of a showing to the contrary, had the right to presume that none was filed.

The case of *Scraper* v. *Pipes*, 59 Ind. 158, relied on by the appellant, is not in point. In that case the motion to dismiss the appeal was based upon the fact that the appellant had failed to cause summons to be issued by the clerk of the court after the transcript was filed in his office. It was very properly held that, in the absence of an affidavit, the court could not determine whether process had been issued or not. The question here is quite a different one.

We are of the opinion that the appellant's second position must be sustained. The appellant is named in the petition as one of the persons over whose land the highway was to pass, and whose property was to be appropriated for a public use. It will not do to say that his property could be taken and appropriated to a public use in a proceeding to which he was not a party. He was a party to the proceeding to establish the public highway in question. Section 5772 has no application to persons who are parties to the proceeding. In order to appeal no affidavit is required of such parties. For this reason the court erred in dismissing the appeal because the appellant had failed to file the affidavit contemplated by that section.

Judgment reversed, with directions to the circuit court to overrule the motion to dismiss the appeal, and for further proceedings not inconsistent with this opinion.

Filed Sept. 24, 1890.