McCoy v. Able *et al.*

Filed April 29, 1892.

---

No. 15,118.

## McCoy v. Able et al.

PRACTICE.—*Motion to Dismiss Appeal.—Bill of Exceptions.*—Unless the motion to dismiss an appeal from a board of county commissioners is incorporated in a bill of exceptions, no question of the lower court's ruling thereon is presented on appeal to the Supreme Court.

SAME.—*Objection to Jurisdiction.*—An objection that the court has no jurisdiction of the subject-matter may be interposed at any time, and such objection needs for its exhibition neither a formal motion nor a bill of exceptions.

VOL. 131.—27

| 131 | 417 |
| 131 | 333 |
| 131 | 404 |
| 132 | 31 |
| 132 | 104 |
| 132 | 252 |
| 131 | 417 |
| 134 | 552 |
| 131 | 417 |
| 141 | 504 |
| 141 | 510 |
| 142 | 472 |
| 143 | 533 |
| 131 | 417 |
| 145 | 39 |
| 145 | 658 |
| 147 | 503 |
| 131 | 417 |
| 149 | 120 |
| 149 | 148 |
| 131 | 417 |
| 153 | 103 |
| 131 | 417 |
| 156 | 604 |
| 131 | 417 |
| 157 | 252 |

McCoy *v.* Able *et al.*

JURISDICTION.—Jurisdiction of the subject-matter means jurisdiction of the class of cases to which the particular case, in which the question is raised, belongs.

BILL OF EXCEPTIONS.—*Time of Presentation Controls.*—The time of the presentation of the bill of exceptions to the judge, if shown in the body of the instrument, controls, and not the date of filing in the clerk's office.

SAME.—*Swearing Stenographer.*—A stenographer need not be sworn where the court accepts and adopts his report of the evidence.

SAME.—*Judicial Act.—Delegating.*—The settlement and granting of a bill of exceptions is a judicial act which can not be delegated.

SAME.—It is immaterial who takes down and writes out the evidence, if the trial judge sanctions and accepts the statement thereof and adopts it as his own judicial act.

SAME.—*Long-Hand Manuscript.—Incorporation in Bill of Exceptions Necessary.* —The stenographer's report of the evidence can not be made part of the bill of exceptions in any other mode than by incorporation in the bill.

SAME.—*Certifying up Bill of Exceptions Containing Long-Hand Manuscript.*— The better practice on appeal to the Supreme Court is for the clerk of the lower court to certify up the original bill of exceptions containing the long-hand manuscript, and not a copy of such bill.

SAME.—*Copying Bill of Exceptions.—What Must be.*—All bills of exceptions, except those containing the long-hand manuscript of the evidence, must be copied by the clerk.

SAME.—*What May not be Inserted in Long-Hand Manuscript.—Copying.*—If anything else than the report of the evidence and the matters directly and properly pertaining thereto is incorporated in the long-hand manuscript notes of the evidence, the clerk must copy such manuscript and bill of exceptions, and can not certify the original up to the Supreme Court.

GRAVEL ROAD.—*Estimate of Engineer.*—The estimate of the engineer on a gravel road is *prima facie* correct, and the burden is on the person attacking it to show fraud or mistake. Such an estimate is not conclusive, and can not be so made by agreement of the parties in advance.

SAME.—*Contract.—Conclusiveness of Action of Board of Commissioners.—Collateral Attack.*—As to the nature of the contract and like matters, the decision of the board of county commissioners is conclusive as to all persons who come in after the work has been done on the contract to the satisfaction of such board and the engineer, and seek to defeat a recovery by the contractor. Such persons can not go behind the contract, for that is a collateral attack.

SAME.—*Estoppel.—Standing By.*—Property-owners who stand by inactive and passive until after the work is done can not come in and defeat a recovery by the contractor for the value of his work and materials furnished.

McCoy v. Able *et al.*

From the Blackford Circuit Court.

*D. T. Taylor* and *R. H. Hartford,* for appellant.

*J. W. Headington, J. F. La Follette, W. H. Williamson, C. E. Walters* and *W. A. Thompson,* for appellees.

ELLIOTT, C. J.—In March, 1886, a petition for the construction of a free gravel road was presented to the board of commissioners of Jay county. The board ordered the construction of the road, and awarded the contract for its construction to the appellant. He constructed the road, and the board accepted it. During the progress of the work partial estimates were issued to him, and upon its completion the engineer issued to him a final estimate. The contract assumes to provide, and does in terms provide, that the estimates of the engineer shall be conclusive. After the completion and acceptance of the work, the contractor presented his claim to the board for the sum due him as evidenced by the estimate issued to him by the engineer. The board allowed the claim. The case went by appeal to the circuit court, and, finally, by change of venue, went to the Blackford Circuit Court. That court sustained the appellees, thus vacating the allowance made by the board of commissioners upon the estimate of the engineer.

The appellant unsuccessfully moved to dismiss the appeal. There is no bill of exceptions containing the motion or exhibiting the ruling thereon, and we can not regard the question as before us for review. *Crumley* v. *Hickman,* 92 Ind. 388; *Yost* v. *Conroy,* 92 Ind. 464, and cases cited; *Board, etc.,* v. *Montgomery,* 109 Ind. 69.

In deciding, as we do, that there is no question presented because the motion to dismiss is not in the record, we are not unmindful of the fundamental doctrine that the objection that there is no jurisdiction of the subject-matter may be interposed at any time. We affirm that doctrine, and declare that such an objection needs for its exhibition neither formal motion nor bill. But we deny that the doctrine has any ap-

plication to this case. There was here jurisdiction of the general subject, that is, of the general class of cases to which the particular case belongs, and where such jurisdiction exists specific objections to the jurisdiction must be opportunely made and duly brought into the record. "By jurisdiction of the subject-matter," said the court in *Chicago, etc., R. R. Co.* v. *Sutton*, 130 Ind. 405, "is meant jurisdiction of the class of cases to which the particular case belongs." *Jackson* v. *Smith*, 120 Ind. 520 (522); *State, ex rel.,* v. *Wolever*, 127 Ind. 306 (315); *Alexander* v. *Gill*, 130 Ind. 485; *Yates* v. *Lansing*, 5 Johns. 282.

The decision in *Wilson* v. *Wheeler*, 125 Ind. 173, is not in point. In that case the motion to dismiss was sustained, and as the presumption is in favor of the trial court, it was rightly declared that the inference should be that the proper bond and affidavit were not filed. In *Robinson* v. *Board, etc.*, 37 Ind. 333, and *Alexander* v. *McCordsville, etc., Co.*, 44 Ind. 436, bills of exceptions were filed.

It is not shown by the record that there was any error or any abuse of discretion in permitting the appellees to file an answer in the circuit court. We must, therefore, presume that there was no error in the action of the court.

The appellees strenuously contend that the evidence is not in the record. One of the reasons adduced in support of this contention is that the bill was not filed within the time fixed by the order of the court. The cases cited by counsel decided under the statute in force prior to the revision of 1881, are uninfluential. As the law now stands the time of the filing is not of controlling importance, for the presentation of the bill to the judge, if shown in the body of the instrument, controls the question. It is still true that the bill must be filed. *Hormann* v. *Hartmetz*, 128 Ind. 353. But the time is not always of controlling importance, inasmuch as the presentation of the bill to the judge is the act which gives effect to the bill when it is signed and filed. *Vincennes, etc., Co.* v. *White*, 124 Ind. 376; *Robinson* v. *Anderson*, 106 Ind. 152; *Ohio, etc., R. W. Co.* v. *Cosby*, 107 Ind. 32; *Terre*

*Haute, etc., R. R. Co.* v. *Bissell,* 108 Ind. 113. The decision in *La Rose* v. *Logansport, etc., Bank,* 102 Ind. 332, was in some respects erroneous, as shown and adjudged in *Robinson* v. *Anderson, supra,* and *Terre Haute, etc., R. R. Co.* v. *Bissell, supra.* As the bill before us shows, on its face, that it was presented to the judge in due time, the fact that it was not filed until some time afterwards does not impair its force.

It is contended that, as the record does not show that the stenographer was appointed or sworn, the evidence is not in the record. This position is untenable. The settlement and granting of a bill of exceptions is a judicial duty. *Seymour, etc., Co.* v. *Brodhecker,* 130 Ind. 389, and authorities cited. As the duty is judicial it can not be delegated. It is, indeed, probably true that even the Legislature can not impose that duty upon any person other than a judicial officer. But the mere clerical work of taking down the evidence and writing it out may be done by counsel, by a stenographer, or by any one else. If the judge who tries the case sanctions and accepts the statement of the evidence, he thereby adopts it as his own judicial act, and as such it comes to this court. *Bradway* v. *Waddell,* 95 Ind. 170; *Stagg* v. *Compton,* 81 Ind. 171; *McCormick, etc., Co.* v. *Gray,* 114 Ind. 340; *L'Hommedieu* v. *Cincinnati, etc., Co.,* 120 Ind. 435 (436).

It is settled beyond controversy that the stenographer's report can not be made part of the bill of exceptions in any other mode than by incorporation. *Patterson* v. *Churchman,* 122 Ind. 379, and cases cited; *Clark* v. *State, ex rel.,* 125 Ind. 1; *Fiscus* v. *Turner,* 125 Ind. 46; *Dick* v. *Mullins,* 128 Ind. 365, and cases cited; *Morningstar* v. *Musser,* 129 Ind. 470. But when it is incorporated in the bill of exceptions in the mode pointed out in *Wagoner* v. *Wilson,* 108 Ind. 210, it is there by the act of the judge, and will be considered as fully and effectively in the record.

In this instance the long-hand manuscript of the reporter is preceded by the proper and usual recitals of a bill of exceptions, and the usual formula: "And this was all the

evidence given in the cause," is written in the bill, as are, also, the date of the presentation to the judge and the appropriate conclusion. To the bill thus prepared is affixed the signature of the judge. The course adopted was a proper one, and the evidence as taken down and transcribed by the reporter is in the bill of exceptions.

A further contention of the appellees' counsel is that the clerk can not certify to us the original bill of exceptions containing the reporter's long-hand manuscript. We are referred to the case of *Hull* v. *Louth*, 109 Ind. 315, where it was said that the long-hand manuscript may be taken from the bill of exceptions and certified up, without copying, by the clerk. In our judgment the practice adopted in this case is preferable to that suggested in *Hull* v. *Louth*, *supra.* We adjudge the better rule to be this: Where a bill of exceptions upon a ruling denying a new trial is taken for the purpose of getting the stenographer's report of the evidence, with its incidents, into the record, the original bill may be certified up to this court as part of the record. All there is of such a bill, besides the report of the evidence, is composed of formal parts and brief recitals, so that little would be left to be copied if the report of the evidence were taken out. Confusion is avoided by sending up the bill without detaching the evidence, and only a very little matter outside of the report of the evidence comes up in its original condition. It is much more consistent with principle, and much safer to require the entire original bill to be certified, than it is to devolve upon the clerk the duty of determining what shall be left in and what taken out. The rule we here declare enables parties to get the long-hand manuscript into the record without incurring the useless expense of having it copied, prevents confusion in the record and gives fair and reasonable effect to the statute concerning official short-hand reporters. But the rule we declare does not have, and can not be made to have, any application to any other bills of exceptions except such as are prepared for the purpose of

McCoy *v.* Able *et al.*

bringing into the record the long-hand manuscript of the official reporter and its necessary incidents. All other bills of exceptions must be copied by the clerk. Nor can the rule apply to a bill of exceptions wherein other matters than the long-hand report and matters legitimately connected therewith are sought to be brought into the record. In order to come within the rule stated, the bill of exceptions must be confined to the single office of exhibiting the report of the evidence and the matters directly and properly pertaining thereto.

The first question presented by the specification of error founded upon the ruling denying a new trial is as to the effect of the estimates of the engineer and the acceptance of the board of commissioners. We can not agree with counsel that the engineer's estimate is conclusive, for we understand it to be settled by our decisions that parties can not, by an agreement in advance, oust the jurisdiction of the courts and make conclusive the estimate of an engineer or other person. *Kistler* v. *Indianapolis, etc., R. R. Co.,* 88 Ind. 460; *Bauer* v. *Samson Lodge, etc.,* 102 Ind. 262 (269); *Louisville, etc., R. W. Co.* v. *Donnegan,* 111 Ind. 179; *Supreme Council, etc.,* v. *Garrigus,* 104 Ind. 133 (54 Am. Dec. 298); *Supreme Council, etc.,* v. *Forsinger,* 125 Ind. 52 (55).

The doctrine of our court is well sustained by authority. *Dugan* v. *Thomas,* 79 Me. 221; *Insurance Co.* v. *Morse,* 20 Wall. 445; *Scott* v. *Avery,* 5 H. L. Cases, 811; *Thompson* v. *Charnock,* 8 Term R. 139; *Reed* v. *Washington, etc., Ins. Co.,* 138 Mass. 572; *Stephenson* v. *Piscataqua, etc., Co.,* 54 Me. 55; *Starkey* v. *De Graff,* 22 Minn. 431. But while we do not regard the estimate as conclusive, we do regard it as *prima facie* correct. *Linville* v. *State, ex rel.,* 130 Ind. 210. Authorities cited in Elliott Roads and Streets, pp. 430, 438, notes. As the estimate of the engineer is *prima facie* correct, the burden was upon the appellees to show fraud or mistake. This they might have done either by direct or by circumstantial evidence. The question, therefore, is, whether the appel-

lees did show by competent evidence that there was fraud or mistake.

It is implied in our statement that only such matters as are open to controversy can be considered in such a case as this, for up to a given point the judgment of the board of commissioners is conclusive. *Board, etc., v. Hall,* 70 Ind. 469; *Hill v. Probst,* 120 Ind. 528; *Reynolds v. Faris,* 80 Ind. 14; *Hilton v. Mason,* 92 Ind. 157; *Streib v. Cox,* 111 Ind. 299 (305), and cases cited; *Board, etc., v. Montgomery,* 106 Ind. 517 (521), and cases cited. The cases to which we have referred, and to which many more might easily be added, leave no room to doubt that, as to the nature of the contract and like matters, the decision of the board is conclusive as to persons who come in after the work has been done under the contract to the satisfaction of the board and the engineer, and seek to defeat a recovery by the contractor. The doctrine of the cases to which we refer is in harmony with the just and equitable principle which precludes a party from coming in and assailing the validity of a contract after the work has been done. *Taber v. Ferguson,* 109 Ind. 227; *Peters v. Griffee,* 108 Ind. 121; *City of Logansport v. Uhl,* 99 Ind. 531; *City of Evansville v. Pfisterer,* 34 Ind. 36; Elliott Roads and Streets, pp. 421, 423, notes. In so far as concerns the effort to get behind the approval of the contract and incidental matters, this proceeding is in the strict sense a collateral one. To the extent that it is collateral it can not prevail, since the action of the board of commissioners is conclusive. *Million v. Board, etc.,* 89 Ind. 5; *Montgomery v. Wasem,* 116 Ind. 343 (347), and authorities cited; *Prezinger v. Harness,* 114 Ind. 491; *Adams v. Harrington,* 114 Ind. 66; *Hackett v. State, etc.,* 113 Ind. 532; *Ely v. Board, etc.,* 112 Ind. 361. The only general question open to controversy is, as we have substantially said, as to whether there was fraud or mistake on the part of the board or the engineer. It certainly can not be adjudged that any question back of that remains open, since

to hold that any such question is open would be to disregard the decision of the board, and that can not be done without overturning a long line of decisions.

We have studied the evidence, and are satisfied that the case was tried on a radically erroneous theory, and that, as usually happens where a wrong theory is adopted, the trial court was led to a wrong result. We do not think that the evidence overcomes the *prima facie* case made by the estimate of the engineer and the acceptance of the board.

Judgment reversed.

Filed March 9, 1892.

## ON PETITION FOR A REHEARING.

ELLIOTT, C. J.—It is claimed by counsel in their argument on the petition for a rehearing, that the evidence shows that the engineer made a mistake in accepting and estimating the work done by the appellant in constructing the gravel road described in the record.

The contract submitted many things to the discretion and judgment of the engineer, and if the contract was not as definite and certain as the law requires, the appellees ought to have made that question before the work was completed. Principle and authority forbid that property-owners should be allowed to stand by, inactive and passive, until after the work has been done, and then come in and take from a contractor the value of his work and materials without compensation. For such persons the law has no very tender regard. They ought to move promptly, and not wait until the contractor has expended time and money under the directions and requirements of the board of commissioners and its engineer. As the contractor in this instance has obeyed the orders of the proper officers, has followed the construction placed upon the contract by them, and has fully completed his work, the appellees are estopped from questioning his right to compensation upon the ground that the contract did not conform to the law. *City of Evansville* v. *Pfisterer*, 34

Ind. 36; *Jackson* v. *Smith,* 120 Ind. 520; *Montgomery* v. *Wasem,* 116 Ind. 343; *City of Logansport* v. *Uhl,* 99 Ind. 531; *Stewart* v. *Board, etc.,* 45 Kan. 708 (23 Am. St. Rep. 746). See authorities cited in Elliott Roads and Streets, p. 287, note 3; p. 420, note 1; p. 421, note 1. The only question open to contest in this case was, whether there was fraud or mistake on the part of the engineer in estimating and accepting the work, for the question whether he properly exercised his judgment or discretion is not open to investigation. It is probably true that an abuse of discretion may be some evidence of fraud, but here there is no abuse of discretion shown. The evidence does not show any mistake of fact, for a mere error of judgment or discretion, where the discretion is not transcended, is not such a mistake. *Linville* v. *State, ex rel.,* 130 Ind. 210. The evidence, as it appears in the record, does not overcome the *prima facie* effect of the engineer's estimate and acceptance.

Petition overruled.

Filed May 19, 1892.