Adams v. The Ohio Falls Car Company.

———————

No. 15,690.

## ADAMS v. THE OHIO FALLS CAR COMPANY.

INJUNCTION.—*Private Corporation.*—*Wrongful Use of Wharf by.*—*Common Council.*—Where a corporation for purely private purposes has entered upon a strip of land used for wharf purposes, and has begun the construction of a log-way and raised platform thereon, and threatens to use a steam engine in the prosecution of its business on said wharf, one who lives in the immediate vicinity of the wharf may enjoin such a use of the wharf, his complaint showing injury to the use and enjoyment of his dwelling-house therefrom, and consequent depreciation in its value, and the interference of its comfortable enjoyment by dust, smoke and offensive odors. The common council of a city can not authorize such an obstruction of the wharf.

Adams *v.* The Ohio Falls Car Company.

SAME.—*Interference with Comfortable Enjoyment of Dwelling.*—It is not necessary to a right of action by the plaintiff that his dwelling-house will be injured by the proposed use of the wharf, but if its comfortable enjoyment will be essentially interfered with by dust, smoke and offensive odors, relief by injunction will be awarded.

SAME.—*Right in Common with Public.—Deprivation of.*—The plaintiff in such a case has no right of action on account of the deprivation of the right which he in common with the general public has to use and drive over that part of the wharf occupied by the obstruction.

SAME.—*Injury as Tax-Payer.—When Complaint Fails to Show.*—Where it does not appear in the complaint that plaintiff's taxation would be increased either directly or indirectly by the alleged wrongful use and obstruction of the wharf, there is nothing to show that he will suffer injury as a taxpayer on that account.

From the Clark Circuit Court.

*J. H. Stotsenburg, E. B. Stotsenburg* and *J. K. Marsh,* for appellant.

*M. Z. Stannard,* for appellee.

MILLER, J.—The appellant brought this action to enjoin the appellee from making use of a portion of the public wharf in the city of Jeffersonville. A demurrer was sustained to his complaint, and this appeal is from the final judgment rendered against him on demurrer.

The complaint shows that the plaintiff is a citizen of Jeffersonville, and the owner of a two-story frame dwelling house occupied as a family residence, and worth $10,000; that directly in front of his house is a street sixty feet in width, and between that and the Ohio river is the public wharf, or levee of the city; that the defendant is a corporation having no residence in the city, or especial interest in or ownership of said wharf, and no corporate power to condemn or take either private or public property for use in its business; that on the 8th day of April, 1890, the defendant, without the consent of the plaintiff, wrongfully entered upon the strip of land used for wharf purposes directly in front of the plaintiff's residence, and has begun the construction of a logway, or elevated platform of heavy timbers, with

posts and supports; that a portion of the logway is to be ten feet in height, gradually sloping toward the river, and will be at least one hundred feet in length; that it is the intention of the defendant to continue the construction of the logway until it reaches the river, and when so permanently laid and constructed it intends to place thereon, use and operate a steam engine with convenient apparatus to drag large and heavy logs along said platform from the river to the top of said wharf close to plaintiff's residence; that the logway and its accompanying timbers and accessions will be so large, and project so high above the surface of the wharf, that it will be impossible for the plaintiff or his family, or the general public, to cross over the logway and raised platform to use the wharf, either for wharf or other lawful purposes; that this wrongful and unlawful attempt to permanently obstruct this portion of the wharf is, as plaintiff believes and charges, without the consent or license of the mayor and common council of the city; that if said logway and platform are erected and a steam engine placed thereon and used for the purpose of pulling logs as above described, he and his family will be greatly inconvenienced and irreparably injured, and their comfortable enjoyment of the said property will be greatly hindered, disturbed, essentially interfered with and prevented, by reason of the dust, dirt, noise, smoke and vapors; and the said property will be rendered, by reason of the said dust, dirt, noise, smoke and vapors, and by constant danger from fire, uninhabitable and greatly depreciated in value.

The complaint also charges that in addition to the personal discomfort, annoyance and depreciation in value of his property, the plaintiff, as a citizen and resident taxpayer of Jeffersonville, will, with his family, be permanently deprived of the right to use and drive over said part of the wharf occupied by the barrier and obstruction to be erected by the defendant, which right he now has, in common with the general public, and which he has never surrendered to anyone,

and the plaintiff says that the erection and maintenance of said logway and platform by the defendant will greatly, irreparably and permanently injure his said real estate, and that he can not be compensated therefor in damages.

The complaint does not show that the appellant will suffer injury as a taxpayer of the city, on account of the proposed construction of the logway complained of. It is not made to appear that his taxation will be increased either directly or indirectly.

Neither does it show a right of action in his favor on account of the deprivation of the right which he, in common with the general public, has to use and drive over that part of the wharf occupied by the obstruction. *McCowan* v. *Whitesides*, 31 Ind. 235; *Cummins* v. *City of Seymour*, 79 Ind. 491 (501); *Matlock* v. *Hawkins*, 92 Ind. 225; *Dwenger* v. *Chicago, etc., R. W. Co.*, 98 Ind. 153; *Terre Haute, etc., R. R. Co.* v. *Bissell*, 108 Ind. 113.

Whether, if the common council had granted the appellee the right to obstruct the wharf, an action could have been maintained by a citizen suing in behalf of himself and others, although discussed in the briefs of counsel, is not before us for decision.

The appellant insists that the common councils of cities have not the same exclusive jurisdiction of public wharves that they have of the streets and alleys, and therefore no right to grant the public wharves for the permanent use of private citizens.

The distinction, if it exists, is not material in this case. While the statute (section 3161, R. S. 1881) purports to grant the common council exclusive power over the streets, highways, alleys and bridges within such city, it must be understood that this power can only be exercised for the use and benefit of the public. Streets, alleys and highways are held in trust for the public for public purposes, and no other. A common council has no power or authority to authorize the permanent possession of a public highway, street or alley for

private purposes. *State* v. *Berdetta*, 73 Ind. 185; *Sims* v. *City of Frankfort*, 79 Ind. 446; Elliott Roads and Streets, 490.

In *Pettis* v. *Johnson*, 56 Ind. 139, it was held that the city of Indianapolis had no power to authorize a property-owner to put up an iron stairway in an alley, although the grant was founded upon a valuable consideration, and in pursuance of a contract by which the city acquired the use of the rooms, to which the stairway led, for its council chamber and various city offices.

The erection of a structure of the character and permanency described in the complaint, for purely private purposes, upon or across the public streets, alleys, highways, or wharves of a city is unlawful, and such as the common council can not authorize and should not tolerate.

Where a street, or public way, is used for public purposes, such as for street railways or other improved methods of travel, the common councils have authority to permit permanent obstructions to be placed in the streets, but they have no such power when the purpose is strictly private and the public in no manner served.

This distinction is illustrated by the case of *Mikesell* v. *Durkee*, 34 Kan. 509, where the appellees were, by the permission of the city, about to construct a railroad upon a street of the city, not for the use of the public, but to transport grain to and from their elevator to a railroad. It was held that the city had no right to grant such permission, and that an abutting lot-owner whose property would be injured might perpetually enjoin its construction.

We have stated that in so far as the appellant has suffered, or is about to suffer, injuries in common with the general public, he has no right of action. It is the province of the public authorities to procure redress for public wrongs; but when an individual suffers a special injury the law affords him redress upon his own application.

In the late case of *First Nat'l Bank of Vernon* v. *Sarlls,*

129 Ind. 201, it was said: " It is only where the injury is general, and public in its effects, and no private right is violated, in contradistinction to the rights of the rest of the public, that individuals are precluded from bringing private suits for the violation of their individual rights."

The mere fact that the injury is greater in degree to a particular individual than to others will not entitle him to relief. *McCowan* v. *Whitesides, supra; Dwenger* v. *Chicago, etc., R. W. Co., supra; Terre Haute, etc., R. W. Co.* v. *Bissell, supra; Sohn* v. *Cambern,* 106 Ind. 302; *Indiana, etc., R. W. Co.* v. *Eberle,* 110 Ind. 542; *Fossion* v. *Landry,* 123 Ind. 136; *Chicago, etc., R. R. Co.* v. *Eisert,* 127 Ind. 156; Elliott Roads and Streets, 500.

It is not necessary to a right of action by the owner of a dwelling-house, that the property itself will be injured, but if its comfortable enjoyment will be essentially interfered with by dust, smoke and offensive odors, relief by injunction will be awarded.  *Owen* v. *Phillips,* 73 Ind. 284.

We are satisfied that the complaint charges an injury to the plaintiff, distinct from that of the general public.  The injury to the use and enjoyment of his dwelling-house, and its consequent depreciation in value, which is charged in the complaint, and admitted by the demurrer, is a personal and not a public injury.

The fact that the obstruction and use of the public wharf, and the use of the engine and machinery, is for the use of a private company and for their convenience and profit, and not for the general public, is of controlling importance in this class of cases.  *Kincaid* v. *Indianapolis Natural Gas Co.,* 124 Ind. 577.

The judgment is reversed, with instructions to overrule the demurrer to the complaint.

Filed April 26, 1892.