**J. Hollis BLAIR, Wanda L. Blair and Blair Building Corporation, Appellants (Defendants Below),**

**v.**

**Harold J. ANDERSON and Hilda L. Anderson, Appellees (Plaintiffs Below).**

**No. 48A02–8910–CV–506.**

Court of Appeals of Indiana, Second District.

May 14, 1991.

*se.* *Adams v. State* (1978), 268 Ind. 434, 376 N.E.2d 482, 483.

Eric N. Allen, Brand & Allen, Greenfield, for appellants.

Jonathan R. Builta, Sansberry Dickmann Freeman & Builta, Anderson, for appellees.

SULLIVAN, Judge.

J. Hollis Blair, Wanda Blair, and Blair Building Corporation (Blairs) appeal the lower court's determination that the landfill on their property constitutes a nuisance *per se*. The court awarded Harold J. Anderson and Hilda L. Anderson (Andersons) damages and a permanent injunction and ordered the Blairs to abate the nuisance.

We affirm in part and reverse in part.

The Blairs present several issues which we consolidate into the following:

1. Whether the court erred in determining that the landfill constituted an actionable nuisance;

2. Whether the permanent injunction against the Blairs is overly broad;

3. Whether the court erred in awarding damages to the Andersons.

In December, 1982, the Blairs purchased property adjoining property owned by the Andersons. Very soon thereafter, the Blairs began a landfill project on the side of the property bordering the Andersons' property. The Blairs continued to fill the property with various forms of solid waste, including cement, rocks, brick, wallboard, paint buckets, household appliances and other debris, until the Andersons obtained a temporary injunction on June 23, 1988. After a bench trial, the court entered a

permanent injunction against the operation of the landfill and ordered abatement of the nuisance. The court. also awarded $3,600.00 damages to the Andersons.

### I.

The Blairs argue that the court erred in determining that their landfill operation constituted an actionable nuisance *per se.*

A nuisance *per se* or an absolute nuisance is distinguishable from a nuisance *per accidens* or a nuisance in fact.

"A nuisance *per se*, as the term implies, is that which is a nuisance in itself, and which, therefore, cannot be so conducted or maintained as to be lawfully carried on or permitted to exist.... But a business lawful in itself cannot be a nuisance *per se*, although, because of surrounding places or circumstances, or because of the manner in which it is conducted, it may become a nuisance." *The Windfall Manufacturing Co. v. Patterson* (1897) 148 Ind. 414, 420–421, 47 N.E. 2.

Therefore, an activity unlawful from the outset constitutes a nuisance *per se.*

In this case, the court determined that the landfill constituted a nuisance *per se* on two separate bases. The court determined that the landfill violated both Ind.Code 36–9–30–35 and Anderson City Ordinance 14–83, § 2. The latter makes it unlawful for owners of premises within the corporate limits of Anderson "to allow, suffer or permit any trash, debris, litter, household furnishings, household appliances, ... to be upon said premises." Record at 137.

Indiana Code 36–9–30–35 (Burns Code Ed.Supp.1990), provides, in relevant part:

"(a) Solid waste may be disposed of on land only through use of sanitary landfills, incineration, composting, garbage grinding, or other acceptable methods approved by the department of environmental management in accordance with rules adopted by the solid waste management board. A person may not operate or maintain an open dump.

(b) A person may not operate or maintain facilities for the collection and disposal of solid waste, except as set out in section 4 [IC 36–9–30–4] of this chapter

or under rules adopted by the solid waste management board.

(c) Failure to comply with this section constitutes the operation of a nuisance inimical to human health. A prosecuting attorney who receives a report of such a failure from the department of environmental management or a local health officer shall cause appropriate court proceedings to be instituted.

\*    \*    \*    \*    \*    \*

(e) The department of environmental management may bring proceedings for injunctive or mandatory relief through the attorney general against any person (including any agency of the state or federal government) for failure to comply with this section."

The Blairs do not argue that their landfill operations comply with this statute, but rather contend that the Andersons lacked standing to enforce the statute. They maintain that the statute allows only the prosecuting attorney or the department of environmental management to bring an action under the statute. This argument reflects the well established distinction between a public and a private nuisance.

Private actions for nuisance are permitted under Ind.Code 34–1–52 (Burns Code Ed.Repl.1986). Under Ind.Code 34–1–52–2(a), "[a]n action to abate or enjoin a nuisance may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by the nuisance." The law, however, recognizes a distinction between public nuisances and private nuisances. Generally, a public nuisance is caused by an unreasonable interference with a common right. *Restatement (2d) of Torts*, § 821B. A private party generally has no right of action under a public nuisance, because "[i]t is the province of the public authorities to procure redress for public wrongs." *Adams v. Ohio Falls Car Co.* (1891) 131 Ind. 375, 379, 31 N.E. 57. However, a party may bring a successful private action to abate or enjoin a public nuisance if the aggrieved party demonstrates special and peculiar injury apart from the injury suffered by the

public. *Spurrier v. Vater* (1916) 62 Ind. App. 669, 113 N.E. 732. *See also, Adams, supra,* 131 Ind. at 379, 31 N.E. 57; *Town of Rome City v. King* (1983) 3d Dist.Ind. App., 450 N.E.2d 72, 77; *Restatement (2d) of Torts,* § 821C; 58 Am.Jur.2d, *Nuisances,* § 49, at 70–79.

Although the Blairs focus their argument upon the provisions of Ind.Code 36–9–30–35 and do not challenge the Andersons' right to bring a private action under the Anderson City Ordinance, both the city ordinance and Ind.Code 36–9–30–35 define a public nuisance. Therefore, under either provision, the Andersons must demonstrate special injury distinct from the public injury the provisions are designed to prevent in order to be entitled to bring a private nuisance action. Moreover, the injury must be different in kind and not merely different in degree. *Adams, supra,* 131 Ind. at 380, 31 N.E. 57. Generally, the determination of whether a party has shown sufficient special injury varies from case to case. *See* Annotation, *What Constitutes Special Injury that Entitles Private Party to Maintain Action Based on Public Nuisance—Modern Cases,* 71 A.L.R.4th 13.

■ The Blairs contend that the Andersons have suffered no injury to health and are not entitled to recover merely because the landfill may be aesthetically displeasing. Indiana Code 36–9–30–35 declares that the operation or maintenance of an open dump is "a nuisance inimical to human health." The merit vel non, of the legislatively drawn conclusion under any and all possible situations is not subject to judicial review. However, in *State ex rel. Stream Pollution Control Bd. v. Town of Wolcott* (1982) 2d Dist.Ind.App., 433 N.E.2d 62, we noted that open dumps create numerous disadvantages.

"The site readily becomes a breeding ground for rodents, objectionable insects, and other animals. It is an aesthetic eyesore. It is likely, so long as the dumped refuse is uncovered, to undergo spontaneous combustion." *Id.* at 67, fn. 7, *quoting,* Note, *The Legal Framework of Solid Waste Disposal,* 3 Ind.Legal Forum 415, 420–421 (1970).

It is these disadvantages which Ind.Code 36–9–30–35 is intended to prevent. Therefore, the Andersons need not prove that the open dump has in fact become "inimical to human health". Rather, the Andersons need only show an injury personal to them and distinct from the population in general.

The court's findings of fact reflect that the creek on the Blair property was filling and had "shut off the flow of water from some of the spring openings." Record at 89. Such water flow blockage to the creek on Anderson's property is sufficient special injury to give standing to bring a private action to abate and enjoin the nuisance.

## II.

■ The Blairs next argue that the injunction is overly broad. The court entered a permanent injunction against the Blairs, which states, in relevant part, that the Blairs are:

"enjoined from continuing a nuisance, including the collection, dumping and burying of chunks of cement, rock, brick, building material waste, debris, trash, and operating a landfill on the property...." Record at 99.

■ We agree that the scope of this injunction is too broad. It is also vague and could be interpreted to preclude activities which are not illegal and do not constitute a nuisance. The court is entitled to enjoin activities which constitute a nuisance. Ind.Code 34–1–52–3. However, a permanent injunction is an extreme remedy and should be carefully limited to preclude only activities which are injuriously interfering with the rights of the party in whose favor the injunction is granted. *See F.W. Means & Co. v. Carstens* (1981) 3d Dist. Ind.App., 428 N.E.2d 251.

We therefore reverse and remand with instructions for the court to revise the permanent injunction to prohibit only the activities which constitute a nuisance and which cause injury to Andersons' enjoyment of their own real estate.

## III.

■ The Blairs contend that the evidence is insufficient to support an award of

$3,600.00 damages to the Andersons. We agree. When a nuisance is abatable, damages for interference with the use of property may only be awarded upon the basis of a decrease in the fair rental value of the property adversely affected.[1] *Northern Indiana Public Service Co. v. Vesey* (1936) 210 Ind. 338, 359, 200 N.E. 620; *Yeager and Sullivan, Inc. v. O'Neill* (1975) 3d Dist., 163 Ind.App. 466, 324 N.E.2d 846, 855; *Davoust v. Mitchell* (1970) 146 Ind. App. 536, 257 N.E.2d 332, 336. Although the Andersons offered testimony that their property value had decreased by $25,000.00, there is no evidence tending to prove any measurable depreciation in the rental value of the property. The award of damages therefore cannot stand.

The judgment is affirmed in part and reversed in part and the cause is remanded for further proceedings not inconsistent with this opinion.

BUCHANAN, J. concurs.

ROBERTSON, J. concurs in part, dissents in part, and files separate opinion.

ROBERTSON, Judge, concurring in part and dissenting in part.

I concur in the majority opinion as it relates to the first two issues. I respectfully dissent as to the third issue on damages.

Under the facts of this case, it is apparent that the so-called aesthetic, or personal, damages were a matter in litigation. I do not see reversible error in the award of $3600 damages under the theory espoused in *Rust v. Guinn* (1982), Ind.App., 429 N.E.2d 299, where damages were sanctioned for personal losses sustained by a landowner in a nuisance action. The evidence in this case supports the award made

---

**1.** Under some circumstances a plaintiff in a nuisance action may be entitled to recover damages for injuries other than the loss of use of the property, but which are a natural and probable consequence of the nuisance. *See Rust v. Guinn* (1981) 1st Dist.Ind.App., 429 N.E.2d 299. In the case before us, Mr. Anderson's testimony that he

by the trial court. I would affirm the award of damages.

was embarrassed by the Blairs property and had suffered psychological trauma falls far short of the test for natural and probable consequences.