**Terri A. TROYER, Appellant–Respondent,**

v.

**Ronald J. TROYER, Appellee–Petitioner.**

No. 20A03–0608–CV–384.

Court of Appeals of Indiana.

May 30, 2007.

Michael H. Michmerhuizen, Cathleen M. Shrader, Barrett & McNagny LLP, Fort Wayne, IN, Attorneys for Appellant.

Rebecca Butler Power, Norman L. Burggraf, Jr., Butler Power Burggraf, P.C., Elkhart, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

The marriage of Appellant–Respondent Terri A. Troyer ("Terri") and Appellee–Petitioner Ronald J. Troyer ("Ronald") was dissolved. On the following day, the trial court found Terri in contempt of court for presenting six post-trial motions. Terri now appeals, challenging the allocation of a tax refund and the trial court's determination that she was in direct contempt of court. We affirm in part and reverse in part.

### Issues

Terri presents three issues for review:

I. Whether the trial court abused its discretion by allocating the parties' federal income tax refund to the payment of charge account debt rather than allocating it to Terri for the payment of attorney's fees;

II. Whether the trial court abused its discretion by denying Terri's motion for a continuance to permit her fourth attorney to adequately prepare for a hearing; and

III. Whether the trial court erred by finding Terri in direct contempt of court and ordering her to pay $500.00 as a sanction.

### Facts and Procedural History

On November 24, 2004, Ronald filed a Petition for Dissolution of Marriage. On January 13, 2005, the trial court entered a provisional order requiring Ronald to pay child support for the parties' only child in the amount of $151.00 per week and requiring him to pay mortgage payments, utilities, and minimum payments on joint credit card accounts. Terri was to pay on credit card accounts that were not jointly acquired.

During the pendency of the dissolution petition, Terri was represented by four successive attorneys and also filed various pro-se motions. The parties contested whether they would share joint legal custody of their child, whether Ronald's stock in a closely-held corporation was divisible marital property, and whether a federal tax refund should be allocated to the reduction of debt or divided between the parties. After numerous hearings on contested issues, motions for continuances, a change of judge motion, motions for contempt, and the dismissal of Terri's purported appeal due to lack of certification of an interlocutory order, the parties were eventually divorced on July 13, 2006.

The dissolution order provided in pertinent part:

During the course of this action, the Wife has both pro se and by counsel, engaged in numerous frivolous pleadings which have consumed a considerable amount of court time unnecessarily. If the conduct persists, the Court will have no hesitation in assessing substantial sanctions.

(App.33.) On July 14, 2006, Terri filed six post-trial motions. On the same day, the trial court denied the motions and ordered

Terri to pay $500.00 "as sanction for this direct contempt of the previous order." (App.34.) On August 11, 2006, Terri filed a motion for reconsideration, which was denied. This appeal ensued.

## Discussion and Decision

### I. Allocation of Tax Refund

■ Terri incurred several thousand dollars of attorney's fees but was awarded only $900.00 from the marital estate toward the payment of those fees. She contends that the trial court abused its discretion by "refusing her access to the marital estate." Appellant's Brief at 22. Specifically, Terri claims that she lacked sufficient income to pay her attorney's fees and should have received one-half of the parties' federal tax refund of $41,239.00 as a liquid asset (rather than a payment on her credit card account) so that she could pay her attorney's fees.

Indiana Code Section 31–15–10–1(a) provides:

> The court periodically may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this article and for attorney's fees and mediation services, including amounts for legal services provided and costs incurred before the commencement of the proceedings or after entry of judgment.

Although a trial court may, within its discretion, award attorney's fees in connection with a marital dissolution, the court is under no obligation to do so. *Maloblocki v. Maloblocki,* 646 N.E.2d 358, 364 (Ind.Ct. App.1995).

Here, the parties were in the unfortunate situation of having charge account debt that greatly exceeded their liquid assets. The primary liquid asset was a federal tax refund, which Terri proposed should be split equally and Ronald proposed should be allocated to charge accounts for which Terri was the sole obligor. The trial court, after expressing concern that interest in excess of 20% was accumulating on the charge accounts, ordered the tax refund allocated as Ronald proposed. Although Terri's attorney's fees were not paid in full, and she was then unemployed, the trial court was aware that she was college-educated, had a prior employment history, and had operated an antiques business as a sole proprietor. The trial court reasonably allocated finite resources. We find no abuse of discretion in the trial court's decision to award Terri less than the full amount of her attorney's fees.

### II. Request for Continuance

■ Terri next contends that the trial court abused its discretion by denying a motion to continue filed by her fourth attorney, who asserted that he lacked sufficient time to prepare for a hearing on Ronald's business interests and that Terri's third attorney had not forwarded necessary documents.

■ The decision to grant or deny a motion for a continuance rests within the sound discretion of the trial court. *Thompson v. Thompson,* 811 N.E.2d 888, 907 (Ind.Ct.App.2004), *trans. denied.* An abuse of discretion may be found in the denial of a motion for continuance when the moving party has shown good cause for granting the motion. *Id.* However, no abuse of discretion will be found when the moving party has not demonstrated that he or she was prejudiced by the denial, and the withdrawal of an attorney does not automatically entitle a party to a continuance. *Id.*

During the rather lengthy dissolution proceedings, Terri and her attorneys were unable to agree upon the objectives of her representation and maintain amicable and productive attorney/client relationships.

In particular, Terri filed pro-se motions and pleadings despite having legal representation and also continued to insist that Ronald's parenting time should be restricted, contrary to the unanimous recommendations of the child psychologist, the court-appointed home investigator and the guardian ad litem. Terri discharged her third attorney well in advance of the scheduled final hearing, due to her insistence that parenting time challenges should proceed. Evidently, counsel would not release his file to Terri unless she signed a statement that his representation had been adequate, and Terri refused to do so. Nevertheless, she was able to retain her fourth attorney in advance of the scheduled final hearing.

The trial court was faced with balancing Terri's need for a well-prepared attorney against the needs for maintaining the court calendar and bringing finality to the proceedings that had been delayed through several other changes of attorneys. Thus, the trial court maintained the hearing date of April 27, 2006, with the proviso that only Ronald's presentation of evidence was required, and scheduled Terri's presentation of evidence for July 12 and 13, 2006. Terri has not demonstrated prejudice resulting from this bifurcation. Accordingly, we find no abuse of discretion.

### III. Finding of Direct Contempt

On July 14, 2006, the trial court entered an order providing in pertinent part as follows:

> A written opinion was entered on 7–13–06 and as of 7–14–06, the Wife has filed 6 Motions. Furthermore, in filing said motions, in calling about said motions, the Wife has become verbally abusive to the court staff, which the Court will not tolerate.... [T]he Court sanctions the Wife $500.00 as sanction for this direct contempt of the previous order, payable within 30 days.

(App.1039–40.) Terri argues that the contempt order is erroneous because: (1) she did not commit an act that could be considered "direct" contempt; (2) she lacked notice; and (3) she was not afforded a hearing.

Direct criminal contempt involves actions occurring near the court that interfere with the business of the court, and of which the judge has personal knowledge. *In re Guardianship of C.M.W.*, 755 N.E.2d 644, 650 (Ind.Ct.App. 2001). Any such act that manifests a disrespect and defiance of a court may constitute direct criminal contempt. *Id.* Indiana Code Section 34–47–2–4 provides summary proceedings for disposing of direct contempt so that the court is able to protect itself against "gross violations of decorum as it pursues justice." *In re C.M.W.*, 755 N.E.2d at 650 (quoting *Brown v. Brown*, 4 Ind. 627 (1853)). Subsection (b) of Indiana Code Section 34–47–2–4 provides that the court "shall distinctly state the act, words, signs, gestures, or other conduct of the defendant that is alleged to constitute the contempt." Here, there was no disturbance or disruption of the proceedings and thus no act of direct contempt.

Indirect contempt is that which undermines the activities of the court but fails to satisfy one of the other direct contempt requirements. *In re C.M.W.*, 755 N.E.2d at 651. Generally, a person who willfully disobeys an order lawfully issued by a court commits indirect contempt. *Davidson v. State*, 836 N.E.2d 1018, 1020 (Ind.Ct.App.2005). *See id.* In cases of indirect contempt, Indiana Code Section 34–47–3–5 provides "clear due process protections." *In re C.M.W.*, 755 N.E.2d at 651. The person charged with indirect contempt must be served with a rule of the court against which the contempt was alleged to have been committed, informing the defendant of the facts al-

leged to constitute the contempt and specifying a time for hearing. *See* Ind.Code § 34–47–3–5(a)–(b). A rule may not issue until the facts alleged to constitute the contempt have been brought to the attention of the court by an information verified by oath or affirmation. *See* Ind.Code § 34–47–3–5(c). None of these due process considerations were afforded Terri before the trial court found her in contempt. Therefore, we reverse the order finding Terri in contempt.

The dissolution order is affirmed; the contempt of court order is reversed.

SHARPNACK, J., and MAY, J., concur.