**Mark LESH, Appellant–Defendant,**

v.

**Richard CHANDLER and Marilyn Chandler, Appellees– Plaintiffs.**

No. 44A05–1003–PL–197.

Court of Appeals of Indiana.

March 8, 2011.

Timothy Logan, Benson, Pantello, Morris, James & Logan, Fort Wayne, IN, Attorney for Appellant.

Tim J. Cain, Angola, IN, Attorney for Appellees.

## OPINION

MAY, Judge.

Mark Lesh appeals a judgment in favor of Richard and Marilyn Chandler. We consolidate and restate the issues presented by Lesh as:

1. Were the trial court's findings supported by evidence?

2. Did the trial court err in entering judgment in favor of the Chandlers?

3. Did the trial court err by extending a protective order against Lesh?

4. Was the injunction entered against Lesh overbroad?

5. Did the trial court err by finding Lesh in contempt of the preliminary injunction?

6. Did the trial court err in awarding damages to the Chandlers?

We affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

Lesh and the Chandlers live on opposite sides of the Little Elkhart River. Around May 2000, construction noise from the Chandlers' residence allegedly disturbed Lesh late into the night. Since approximately 2003, Lesh has directed loud music and light from a flood light on his property onto the Chandlers' property, and he has made derogatory comments toward the Chandlers.

On April 26, 2006, Marilyn Chandler obtained a protective order against Lesh. On May 23, 2006, the Chandlers sued Lesh for nuisance. Hearings were held in June and August of 2006 regarding the Chandlers' request for a preliminary injunction against Lesh. In September 2006 the trial court granted a preliminary injunction against Lesh. Lesh appealed, and we reversed and remanded for additional findings. *Lesh v. Chandler*, No. 44A04–0609–CV–499, 868 N.E.2d 922, 2007 WL 1747848 (Ind. Ct.App. June 19, 2007). The trial court entered additional findings and again issued a preliminary injunction against Lesh on August 25, 2007.

After numerous continuances and motions, a hearing was held on the nuisance action on October 1 and 2, 2009. On February 25, 2010, the trial court issued a final order enjoining Lesh from "focusing or targeting in any way any and all light or reflection thereon on to or at the Chandler home," (App. at 64), and "disturbing the peace, shouting obscenities, calling names, making bizarre noises or playing music or other media type that can be heard outside his home[.]" (*Id.*) The order also extended the 2006 protective order for two more years, found Lesh in contempt of the 2007 preliminary injunction, and assessed against Lesh $950 for damages and $2500 for attorney's fees.

## DISCUSSION AND DECISION

When the trial court enters findings of fact and conclusions of law pursuant to T.R. 52(A),[1] we apply a two-tiered standard of review: we consider whether the evidence supports the findings, and whether the findings support the judgment. *Garling v. Ind. Dept. of Natural Res.,* 766 N.E.2d 409, 410 (Ind.Ct.App. 2002), *trans. denied.* We will disturb the judgment only if it is clearly erroneous; that is, when there is no evidence supporting the findings or the findings do not support the judgment. *Id.* We do not reweigh evidence or assess credibility of witnesses, but instead consider only the evidence most favorable to the judgment. *Id.* Where, as here, "the trial court enters findings in favor of the party bearing the burden of proof, the findings are clearly erroneous if they are not supported by substantial evidence of probative value." *McCarty v. Walsko,* 857 N.E.2d 439, 443 (Ind.Ct.App.2006).

### 1. *The Trial Court's Findings*

Lesh challenges a number of the trial court's findings[2] as unsupported by the record. Those challenged findings fall into five general areas, and we group the findings for purposes of our analysis.

#### a. *Light Intrusion*

Additional Finding 10 states: "That the defendant shining spot lights against the plaintiffs' home, as shown beyond a reasonable doubt, constitutes a nuisance and improper invasion of plaintiff's residential ownership." (App. at 37.)[3] Findings 18, 19, and 20 are:

> 18. That Lesh actions of targeting a light upon Chandler's property and targeting music at loud volume toward the Chandler's air space may have been innocent at first, but once Lesh had been appraised of its effect on Chandlers use and enjoyment of, it was intentional if Lesh continued such activity after April 26, 2006.
>
> 19. That Lesh has apparently complied with Additional Finding 10 since it was entered on August 25, 2007.
>
> 20. That Lesh has presented no testimony or legal authority challenging Additional Finding 10 in this case.

(*Id.* at 50.)

Lesh contends there was no evidence he directed light toward the Chandlers' property after 2005. He points to testimony from a 2006 hearing where Richard Chandler was asked if there was a light shining from Lesh's property onto his own and responded, "[c]urrently there is not." (2006 Tr. at 100.)[4] However, Finding 18 is not inconsistent with Chandler's statement; the finding was not that Lesh did direct his light, but that *if* Lesh directed

---

1. Lesh requested findings under T.R. 52(A).

2. In Finding 77 of the final order, the trial court incorporated into the final order a number of findings it had entered in the August 25, 2007, order granting preliminary injunction to the Chandlers. (App. at 58.) In the final order, the court did not restate those earlier findings, which it denominated "Additional Findings," (App. at 58); rather, to obtain their text we must refer to the 2007 order. Lesh challenges both new and additional findings. We refer to the findings stated in the final order as "Findings" and the findings from the 2007 order as "Additional Findings," as that is the language used by the trial court in the final order.

3. We present the Findings and Additional Findings as they appear in the record.

4. There are two transcripts in the record—one from the hearings held on June 14, June 15, and August 9, 2006, and one from the hearing held on October 1 and 2, 2009. For clarity, the transcripts are cited based on the year the hearing was conducted.

his light toward the Chandlers' property, his actions were intentional.

During the 2006 hearing, Virginia Nutt, a neighbor, testified Lesh's light "illuminated the, the very river part of his yard.... It was basically just shining down onto the water or onto—out, that it really wouldn't help him much." (*Id.* at 173.) The Chandlers' property was located on the river across from Lesh's house. If Lesh pointed a light at the river, such light necessarily would have pointed in the direction of the Chandlers' property and reflected off the river. It therefore is not implausible that light shining on the river from Lesh's property could affect the Chandlers' property. As we do not reweigh evidence or judge credibility of witnesses, *Garling,* 766 N.E.2d at 410, that testimony supports Finding 18.

Findings 19 and 20 address Lesh's compliance with an earlier finding that indicated his prior activity of shining a light onto the Chandlers' property was a nuisance. Lesh objects to Finding 19 because "there was no evidence presented about lights at trial." (Br. of Appellant at 23.) Additionally, Lesh contests Finding 20, which was that he presented no testimony regarding the location of his light, and whether it shone upon the Chandlers' property. Lesh is correct on both counts. Nevertheless, Lesh could not have been prejudiced by Finding 19, which indicated he complied with an earlier order, and he does not explain how he was prejudiced by Finding 20. As Lesh failed to demonstrate he was prejudiced by these erroneous findings, any error is harmless. *See Porter Cty. Bd. of Zoning Appeals v. SBA Towers II, LLC,* 927 N.E.2d 915, 920 (Ind. Ct.App.2010) (appellant could not show prejudice because of error, and thus it was harmless).

b. *Testimony about Noise Level*

Lesh argues a number of findings regarding the volume of his music amount to "implausible inference and speculation." (Br. of Appellant at 16.) The disputed findings are:

> Additional Finding 20. Some witnesses testified that they liked the music which proved that, unless restrained, volume goes far away from defendant's premises.
>
> \* \* \*
>
> 28. Ms. Nutt testimony that she heard [Lesh's] music 300 yards away (p. 169) and [Lesh]'s music is louder than bar music (p. 178) confirms it was loud loud.
>
> 29. Mr. Inman on top of his hill 700–800 feet away from Chandlers testified Lesh's music was "loud loud" (p. 187). The music was "unreasonably loud and the loudest in the neighborhood" (p. 190).
>
> 30. Mr. Reeder, six houses west, hears [Lesh]'s music faintly (p. 319) but when he walks by it is loud.
>
> 31. Mr. Harlan, with service connected hearing loss, likes to have the music turned up as he can understand the words 50 feet away. I have no reason to question his testimony, but the words targeted southward on the Chandler lot c. 125 feet away are very objectionable to Chandlers who suffer headaches and discomfort in and outside their home, leads me to conclude Chandlers have more normal hearing than Harlan.
>
> \* \* \*
>
> 37. The court credits Mr. Trueblood testimony that he is a friend of Lesh and dislikes Chandlers.
>
> \* \* \*

43. That Chandlers would have never heard the words on their property if the volume was not loud loud.

\* \* \*

47. Lesh chose not to validate the noise level or to controvert the credible evidence of plaintiffs and disinterested neighbors. The failure to test against known standards reduces the value of Taylor's opinion. One who uses a scale without using standards like the County Weights and Measures Inspector is trained to use may not based a conclusion on faultily accuracy.

\* \* \*

54. Due to addition to questions regarding test accuracy due to no proper foundation as to machine calibration on the day of test nor proof that the volume tested registered the volume of same, said test is of little value.

55. In order to refute Chandler's credible testimony that loud sound waves invaded their air space rattling glassware and dishes, the machine would have to be placed outside the kitchen area and not to a side. The aim of the speakers on the day of the test would affect any duplication.

56. With respect to neighbors to the south C. alleged facts, the court notes that many are part time residents, many a distance to the south sound source aim, some supporting the Lesh's music being heard several feet away on the side, some enjoying a party atmosphere at the lake but the most credible witnesses' supporting a findings that the music volume south aim would disturb and constitute an obnoxious nuisance to any normal, reasonable person living at the Chandler home.

\* \* \*

62. The Lesh argument that the SPL readings re "Mr. Lesh's music volume was generally complaint with LaGrange County Zoning Ordinance" on the date Taylor conducted his tests without first receiving leave of court does not approach the volume level that the plaintiff's suffered on many occasions from the defendant.

\* \* \*

[4, 5] 70. Lesh has offered no evidence of any attempt to bring his noise level consistent with his south boundary line or that the levels were within Zoning Ordinance limit.

(App. at 39, 51, 52, 53, 54, 55, and 57.) As there was testimony presented during trial to support those findings, we cannot say they are unsupported by evidence. There were some findings for which no pages of the transcript are cited, but those seem to reflect the court's opinion regarding the credibility of the witnesses. We decline Lesh's invitation to reweigh the evidence and assess the credibility of witnesses.[5] *See Garling,* 766 N.E.2d at 410.

---

5. Lesh further argues the witnesses cited in the findings "did not profess sufficient knowledge upon which to establish a volume standard." (Br. of Appellant at 18.) As there is no indication that any of the witnesses were presented as experts, Ind. Evidence Rule 701 requires only that the witness' testimony be "(a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue." The testimony of these witnesses meets the requirements of Evid. R. 701. *See, e.g., Ackles v. Hartford Underwriters Ins. Corp.,* 699 N.E.2d 740, 743 (Ind.Ct.App.1998) (trial court has broad discretion in determining whether opinion testimony satisfies requirements of Evid. R. 701 and we will not reverse unless the trial court abused that discretion). Thus we reject this argument and decline Lesh's invitation to reassess their credibility.

#### c. *Parties' Lifestyles*

Lesh also challenges Findings 40, 63, and 69 as unsupported by the evidence:

40. Being fair to both parties, Leash and Chandlers appear to have different outlooks on life. Lesh, a veteran, enjoys holiday parties and has social community concern. Chandlers, both with stressful employment, look on their home as a place to relax and enjoy wildlife. Chandlers have picked some enemies by urging a neighborhood cleanup and strict compliance with zoning laws to the end that the community appearance improved. Aside from the noted constructions noise, there is no evidence that Chandlers targeted loud loud noise to disrupt or harass neighbors.

\* \* \*

63. With respect to Lesh's arguments, Fort Wayne III, most of the testimony is irrelevant and immaterial to this case involving deliberate and obnoxious noise levels. At best said testimony supports a view that plaintiffs are of the opinion a person's home is his castle and should be kept free of intruders.

This court may have been in error in allowing testimony on past acts at another venue and opinions by Messer's. Kelty and Shilts. Whether the alleged felony impeachment was proper or not, the Court credited the witness's testimony as being best of their memory and opinion of plaintiffs. (Opinion evidence on mental process may have been admitted in error). Plaintiffs concern about loud noise is certainly consistent with the Shilt's and Jeep backfires late at night, p. 30. Both of these witnesses' testimony was interesting but not too helpful in deciding this case due to factual differences between Fort Wayne and Lagrange county incidents and community standards. Ms. Brenn appeared to be more like Lesh in that she desired free

use of neighbor's property and did not always control her children. The level of noise at her backyard party has not proven, but [t]his court finds fire, if not property managed, can cause grave injury to person and property.

Whether Ms. Brenn conducted a professional hair business at her home has no bearing in this case because Lesh has not claimed he has a license to entertain adults.

\* \* \*

69. Chandlers to the south of the defendant suffered a private nuisance by reason of unnecessary light and sound being aimed upon them and their property. The fact that Chandlers did not bring suit against other noise producers is evidence that defendant is the main unreasonable, obnoxious noise produced in the neighborhood.

(App. at 52, 55–57.)

■ Lesh does not offer cogent argument in his challenge to these findings. Rather, this section of his argument is rife with random quotations from the findings, partial case citations, and contentions amounting to a request that we reweigh the evidence. As this portion of the brief does not comport with Indiana Appellate Rule 46(A)(8)(a), Lesh has waived this argument. *See Loomis v. Ameritech Corp.,* 764 N.E.2d 658, 668 (Ind.Ct.App.2002) (failure to present a cogent argument waives that issue for appellate review), *reh'g denied, trans. denied.*

#### d. *Chandlers' Activities*

Lesh contends two findings regarding activities by the Chandlers were not supported by evidence:

50. All of Chandler construction noise was necessary to meet the weather and permit requirements.

\* \* \*

58. With respect to construction noise, there is no evidence that anyone complained to the LaGrange County Building department which issued the permit. Lesh has not adduced any evidence that plaintiffs violated the terms of their permit. The construction should be about done or may be completed if a certificate of occupancy has been issued. Chandlers will be expected to do equity in the premises.

(App. at 53–54.)

■ The findings were supported by evidence. Richard Chandler testified one night he worked on a home construction project until "9:30 or 10:00 o'clock," (2006 Tr. at 51), because a thunderstorm was approaching. We can find no evidence in the record regarding whether the noise "was necessary to meet ... permit requirements," (App. at 53), but "a judgment will not be reversed by reason of an immaterial finding unsupported by evidence and without any prejudice to the appellant." *Lain v. Lain*, 134 Ind.App. 557, 566, 189 N.E.2d 838, 842 (1963). As the issue before the trial court was whether Lesh's noise was a nuisance, any finding regarding Chandler's noise is immaterial. *See Masonic Temple Ass'n of Crawfordsville v. Indiana Farmers Mut. Ins. Co.*, 779 N.E.2d 21, 23 n 1 (Ind.Ct.App.2002) (issues which are unnecessary to a full and fair determination of an appeal will not be addressed), *reh'g denied.*

Lesh concedes that he did not complain to the LaGrange County Building Department, but asserts he did complain to "zoning." (Br. of Appellant at 23.) In support, he cites multiple pages of the transcript, none of which indicate Lesh complained to anyone other than the Chandlers. As he does not offer citation to the record, that allegation of error is waived. *See* Ind. Appellate Rule 46(A)(8)(a) ("Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on").

### e. *Law Enforcement Visits*

■ Lesh challenges Additional Finding 25 that "[Lesh's] aforesaid actions have caused an inordinate number of police visits into the area." (App. at 39.) This finding is supported by the testimony of three officers called to the scene at various times, all of whom indicated Lesh's music was loud when they arrived on the scene. Lesh contends "the number of police visits is not evidence of stalking or nuisance." (Br. of Appellant at 24.) We disagree. The police testimony was evidence of the volume of Lesh's music, which was the cause of the alleged nuisance. We therefore cannot find error in this finding.

### 2. *Judgment in Favor of Chandlers*

As there was evidence to support nearly all of the challenged findings, we must now determine whether the valid findings support the judgment in favor of the Chandlers.

■ An actionable nuisance is "[w]hatever is (1) injurious to health; (2) indecent; (3) offensive to the senses; or (4) an obstruction to the free use of property; so as essentially to interfere with the comfortable enjoyment of life or property." Ind.Code § 32-30-6-6. A private nuisance is proven when one party has used property to the detriment of another's use and enjoyment of his or her own property. *Wernke v. Halas*, 600 N.E.2d 117, 120 (Ind.Ct.App.1992). To recover in a nuisance action, the complaining party need show only inconvenience, annoyance, or discomfort. *Gray v. Westinghouse Elec. Corp.*, 624 N.E.2d 49, 54 (Ind.Ct.App. 1993), *reh'g denied, trans. denied.* Noise may be a nuisance if it is unreasonable in its degree. *Friendship Farms Camps, Inc. v. Parson*, 172 Ind.App. 73, 359

N.E.2d 280, 283 (1977), *reh'g denied.* Reasonableness is a question of fact. *Id.*

 The trial court found "Lesh['s] actions, as duly proven herein, have created a nuisance which is injurious to health, offense to senses, and obstructed the free use of property, all to Chandler's damages in violation of I.C. 32–30–6–6." (App. at 49.) That decision was based on the court finding Lesh played his music at a high volume and cast a light on the Chandlers' property, which caused the Chandlers to suffer from headaches and to be unable to enjoy the use of their property. The findings support the judgment that Lesh's actions amounted to a private nuisance.

### 3. Extension of Protective Order

Lesh argues, and the Chandlers concede, the preliminary protective order entered against Lesh on April 26, 2006, should not have been extended as part of the trial court's final order. On April 6, 2006, Marilyn Chandler petitioned the LaGrange Superior Court for a protective order against Lesh. On June 13, 2006, by stipulation of the parties, the cause was transferred to the Circuit Court, to be consolidated with the Chandlers' private nuisance action. On September 28, 2006, at the stipulation of both parties, the trial court ordered the matter dismissed with prejudice.

 As the action on which the protective order was based had been dismissed, the trial court did not have jurisdiction to revive and extend it. *See Thacker v. Bartlett,* 785 N.E.2d 621, 624 (Ind.Ct.App.2003) (order of dismissal is final order, and can be revived only through reversal by appellate court). Accordingly, we reverse the

decision to extend the April 26, 2006, protective order against Lesh, and direct the trial court to correct the final order to eliminate the references in Judgment Items C and G to the protective order. (App. at 64 and 65.) [6]

### 4. Permanent Injunction

 A "permanent injunction is an extreme remedy and should be carefully limited to preclude only activities which are injuriously interfering with the rights of the parties in whose favor the injunction is granted." *Blair v. Anderson,* 570 N.E.2d 1337, 1340 (Ind.Ct.App.1991). The grant or denial of a permanent injunction lies within the sound discretion of the trial court. *Drees Co., Inc. v. Thompson,* 868 N.E.2d 32, 41 (Ind.Ct.App.2007), *reh'g denied, trans. denied.* The decision will not be overturned unless it was arbitrary or an abuse of discretion. *Id.* A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances, or if it misinterprets the law. *Id.*

 Lesh contends the injunction is overbroad. The trial court ordered:

A. Defendant Lesh is now enjoined until further order of this court from focusing or targeting in any way any and all light or reflection thereon on to or at the Chandler home in Clearspring Township.

B. Defendant Lesh is now enjoined from disturbing the peace, shouting obscenities, calling names, making bizarre noises or playing music or other media type that can be heard outside his home

---

**6.** Lesh also argues the Chandlers did not prove he stalked them. The trial court found, "Lesh's backyard activities are in the nature of stalking in that no honest purpose for same was adduced." (App. at 54.) There was no injunction, damages, or penalty based on this finding except in the protective order. As we have reversed the decision to extend the protective order, we need not address that argument.

in Clearspring Township, all until further order of the court.

(App. at 64.) There was evidence that Lesh directed lighting onto the Chandlers' property and that Lesh called the Chandlers names and played his music at a level that prohibited the Chandlers from enjoying their property and resulted in multiple calls to law enforcement. The order addresses only those actions the court found to be a nuisance, and thus is not overbroad. *Cf., Blair,* 570 N.E.2d at 1340 (reversal warranted when injunction prohibited activities that were not found to be a nuisance).

### 5. *Contempt*

■■■■■ The trial court found Lesh in contempt of the preliminary injunction. "Whether a person is in contempt of a court order is a matter left to the trial court's discretion." *Mitchell v. Mitchell,* 785 N.E.2d 1194, 1198 (Ind.Ct.App.2003). We will reverse only where an abuse of discretion has been shown. *Id.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id.* When we review a contempt order, we neither reweigh the evidence nor judge the credibility of witnesses. *Id.*

■■■■■ Lesh first claims he cannot be found in contempt because the terms of the preliminary injunction are ambiguous. A court's order "must be clear and certain such that there is no question regarding what a person may or may not do and no question when the order is being violated." *Deel v. Deel,* 909 N.E.2d 1028, 1032 (Ind. Ct.App.2009). A "party may not be held in contempt for failing to comply with an ambiguous order." *Id.*

■■■ In the preliminary injunction, the court specifically ordered, "Mr. Lesh is to refrain from shouting obscenities, calling names, making bizarre noises or playing music that can be heard outside the home." (App. at 37). In addition, it ordered Lesh not to shine a spotlight in the direction of the Chandlers' property. It outlined the process by which Lesh could determine if his music volume would violate the preliminary injunction:

> [I]f [Lesh] goes outside his lakeside door and hears music, he can easily go back inside and reduce the volume in half and then retest the volume until no noise is heard outside. In his own residence he has the freedom to use headphones to such volume as he decides so long as the volume is fully retained within the inside of the home.

(*Id.* at 39.) The court clearly identified the activities from which Lesh was enjoined, and the preliminary injunction was not ambiguous.

Lesh also argues he cannot be found in contempt of the terms of the preliminary injunction because the trial court did not issue a rule to show cause pursuant to Ind.Code § 34–47–3–5. That statute states:

(a) In all cases of indirect contempts, the person charged with indirect contempt is entitled:

> (1) before answering the charge; or
>
> (2) being punished for the contempt;

to be served with a rule of the court against which the contempt was alleged to have been committed.

(b) The rule to show cause must:

> (1) clearly and distinctly set forth the facts that are alleged to constitute the contempt;
>
> (2) specify the time and place of the facts with reasonable certainty, as to inform the defendant of the nature and circumstances of the charge against the defendant; and

(3) specify a time and place at which the defendant is required to show cause, in the court, why the defendant should not be attached and punished for such contempt.

Ind.Code § 34–47–3–5.

The trial court entered its preliminary injunction on August 25, 2007. On October 25, 2007, the Chandlers' attorney sent Lesh's attorney a letter alleging Lesh had violated the preliminary injunction. Included with the letter were three CDs labeled, "Loud Music," "Air Horn," and "Gov't Nazis." (App. at 878.) The CDs were recordings the Chandlers made of loud music, air horn blasts, and questionable language they alleged to be from Lesh. The Chandlers' attorney indicated in the letter, "Mr. Lesh's churlish behavior clearly violates the preliminary injunction and the Chandler's [sic] will suffer no longer. Please warn your client that the next outburst of such tactics will result in a request that your client be held in contempt by Judge Peterson and punished accordingly." (Id.) The Chandlers filed a Verified Petition for Contempt on April 25, 2008, alleging Lesh "has blasted an air horn at Plaintiffs, continued to shout derogatory phrases at Plaintiffs (for example, "government Nazis"), and also continues to play loud music, all in an attempt to annoy and harass Plaintiffs." (Id. at 127.)

The Chronological Case Summary does not indicate a Rule to Show Cause Order was issued. Nor was a separate contempt hearing held as required by Ind.Code § 34–47–3–5. Thus, we must determine whether reversible error occurred.

■■■■ The purpose of Ind.Code § 34–47–3–5 is to provide due process rights to someone who has been accused of indirect contempt. *See Troyer v. Troyer,* 867 N.E.2d 216, 220 (Ind.Ct.App.2007) ("In cases of indirect contempt, Indiana Code Section 34–47–3–5 provides 'clear due pro-cess protections.' "). "The person charged with indirect contempt must be served with a rule of the court against which the contempt was alleged to have been committed, informing the defendant of the facts alleged to constitute the contempt and specifying a time for a hearing." *Id.*

■■■ Lesh was present at the hearing regarding the circumstances surrounding the preliminary injunction on August 9, 2006. That he received a copy of what is characterized as a "partial ruling" issued by the trial court on September 8, 2006, is evidenced by the fact he appealed that ruling. *See Lesh,* No. 44A04–0609–CV–499. The Chronological Case Summary indicates Lesh's attorney received a copy of the Additional Findings entered pursuant to this court's direction. The Additional Findings included the order of preliminary injunction. It is apparent Lesh was aware of the terms of the preliminary injunction, and of the contempt allegations against him.

Therefore, the only issue that remains is whether Lesh had an opportunity to present to the court why he should not be held in contempt. A court's non-compliance with Ind.Code § 34–47–3–5 is not necessarily fatal to a contempt finding:

> [Wife] does not claim that she was prejudiced in any way by the trial court's decision to hold the evidentiary hearing on the contempt petition without first having the rule to show cause hearing. Based on the complexity of this case and the amount of evidence presented by the parties on the contempt allegations and the other issues for trial, it was both reasonable and efficient for the trial court to combine the hearings.

*Lasater v. Lasater,* 809 N.E.2d 380, 386 (Ind.Ct.App.2004). The same reasoning applies here.

There is no question the litigation surrounding the Chandlers' complaint is complex. The legal wrestling between Lesh and the Chandlers began in 2006 and ended at the trial court level in early 2010. The court held hearings on multiple motions and Lesh has changed counsel at least once. By the final hearing, the trial court had issued a protective order and a preliminary order, both of which enjoined Lesh from activities that annoyed the Chandlers. Entries in the Chronological Case Summary suggest there was some confusion in the trial court regarding the finality of our earlier ruling, and this confusion led to a delay in the proceedings that presumably led the trial court to continue any presentation of evidence regarding the contempt allegations until the final hearing.

At the final hearing, the Chandlers presented evidence in the form of a notebook chronicling disturbances made by Lesh, the CDs originally included with the October 25, 2007, letter, and testimony by witnesses indicating Lesh played his music at a volume that could be heard at the Chandlers' house and he uttered derogatory comments toward the Chandlers. As in *Lasater*, the contempt allegation was pending at the time of the final hearing. Lesh had an opportunity at that time to refute the Chandlers' claims, but he did not.

Lesh did not testify at the final hearing, but instead offered two witnesses. One testified regarding the sound level of Lesh's music as measured by the witness' specialized equipment, and the other testified about the Chandlers' use of their lawn mower and leaf blower. There was ample evidence presented during the final hearing to support a finding of contempt. Therefore, Lesh was not prejudiced if the trial court did not comply with Ind.Code § 34–47–3–5, and the trial court did not

abuse its discretion in finding Lesh in contempt of the preliminary injunction.

### 6. *Damages*

 Lesh challenges the award of $950 in damages to the Chandlers, claiming "there is insufficient factual support for the money judgment," (Br. of Appellant at 39), and "the Chandlers presented no evidence of diminution value [sic] [of their property] and are not entitled to damages." (*Id.*) Lesh is correct that the Chandlers did not present evidence of loss of property value, but that is not the only compensable damage in a nuisance action. "[T]he court is not restricted to mere depreciation of property but might also have properly considered the inconvenience and discomfort caused ... even though there be no arithmetical rule for the estimate of such damages." *Rust v. Guinn,* 429 N.E.2d 299, 303 (Ind.Ct.App.1981).

 The computation of damages, if supported by evidence, is within the trial court's discretion. *Ballard v. Harman,* 737 N.E.2d 411, 417 (Ind.Ct.App.2000). The Chandlers presented evidence that, because of Lesh's nuisance, they could not entertain people at their home, they suffered headaches, they had to install heavy curtains, and they were generally unable to enjoy their property. Damages are available for such injuries:

> [T]he principal elements of damages are the value attached to the use or enjoyment of which he has been deprived, or—which often amounts to a measure of the same thing—the loss of the rental or use value of the property for the duration of a temporary nuisance ... and in addition the value of any personal discomfort or inconvenience which the plaintiff has suffered, or of any injury to health or other personal injury sustained by the plaintiff, or by members of his family so far as they affect his own

enjoyment of the premises, as well as any reasonable expenses which he has incurred on account of the nuisance.

*Rust,* 429 N.E.2d at 304 (quoting William L. Prosser, *The Law of Torts* § 90 (4th ed.1971) (footnotes omitted)). As the Chandlers alleged compensable damages and there was evidence to support the damages award, the trial court did not abuse its discretion.

## CONCLUSION

There was evidence presented to support the findings contested by Lesh, and those findings supported a judgment in favor of the Chandlers. We accordingly affirm the trial court's conclusion that Lesh's actions amounted to a private nuisance. We reverse the trial court's decision to extend the protective order dated April 26, 2006, because the proceedings on which that order was based were dismissed with prejudice by stipulation of the parties on September 28, 2006. As the protective order was not in effect after September 28, 2006, the finding that Lesh violated its terms is reversed. We remand for redaction of the language in Judgment Items C and G regarding the protective order. Finally, we affirm the permanent injunction entered against Lesh, the contempt finding against Lesh, and the damages awarded in favor of the Chandlers.

Affirmed in part, reversed in part, and remanded.

ROBB, C.J., and VAIDIK, J., concur.